IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| HOBART CORPORATION, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | Case No. 3:13cv115 |
| THE DAYTON POWER AND LIGHT COMPANY, et al., | : | JUDGE WALTER H. RICE |
| | : | |
| Defendants. | | |

DECISION AND ENTRY SUSTAINING MOTION OF DEFENDANT, THE DAYTON POWER AND LIGHT COMPANY, SEEKING AN AWARD OF ATTORNEYS' FEES AND COSTS, IN AN AMOUNT NOT TO BE QUANTIFIED UNTIL THE RESOLUTION OF THIS LITIGATION (DOC. #176); FURTHER REQUEST THAT THE COURT ORDER SEQUESTRATION OF DEPOSITION TRANSCRIPT IN QUESTION OVERRULED AS MOOT

It is hardly necessary to point out, even to the least discerning among us, that the abrupt ending to the last telephone conference call between Court and counsel is an indication that ad hominem attacks by one counsel against another, whether expressed orally or in written form, are not favored by this Court. In truth, such expressions are universally disfavored by every judicial officer of its acquaintance, recognizing that such demonstrate the lack of civility and respect, as well as the decrease in professionalism that appear to have increasingly infected our profession within the last generation.

It is hardly necessary to point out that there are means to call differences in factual premises between counsel to the attention of this or any Court in a manner that will not demean

our shared profession.

The issue between counsel arises as a result of the Court's Order of July 11, 2013, necessitated by this Court's decision to rule on the plethora of Motions to Dismiss Plaintiffs' Complaint, prior to beginning discovery. A single exception was granted by the Court to its Order staying discovery, to wit:

> Depositions . . . of any proposed witness, representative of a party, etc., who is deemed by counsel seeking the deposition to be sufficiently elderly and/or in a state of precarious health such as to make waiting until on or about mid-October to commence their deposition a significant risk.

The "mid-October" date was predicated upon the Court's optimistic intention to render decisions on all Motions to Dismiss by that date. In fact, those motions were not ruled upon until February 18, 2014.

On July 25, 2013, the Plaintiffs served a subpoena on John W. Davis, a retired employee of Dayton Power and Light Company, representing that:

> Mr. Davis has indicated that he is seventy four years old. He reports that he has Type 2 Diabetes. He also reports that he smokes cigarettes.

On September 10, 2013, the Court held a telephone status conference to discuss Dayton Power and Light's concern that Mr. Davis was not "in a state of precarious health," and that there was no basis to subject him to a deposition under the terms of this Court's July 11th Order. During the telephone conference, Plaintiffs' counsel conceded that their representation that Mr. Davis was a smoker was in error. However, they insisted that he otherwise met the criteria as set forth in this Court's prior Order. The Court ruled that the deposition could go forward but also instructed Dayton Power and Light that, if it had a basis to believe that Mr. Davis' health was such that he did not meet the criteria set forth in this Court's Order, it could apply to the Court

for reimbursement of costs and attorneys' fees incurred in connection with appearing at the deposition.

To put it somewhat charitably, Mr. Davis, as it was represented in his deposition, was not "in a state of precarious health as to make waiting until on or about mid-October to commence [his] deposition a significant risk [that he would not be available to testify either by deposition or at trial on a future occasion]." His deposition revealed that the investigator, employed by Plaintiffs, had not questioned him on facts sufficient to establish the predicate information, allowing Plaintiffs' counsel to represent that Mr. Davis' health was precarious.

Plaintiffs' attorneys are entitled to rely on their investigator's representations in responding to a claim of having breached their duties of "honesty in fact," failure to engage in "honest conduct," failure to be "completely honest," and perpetuating "a fraud upon the Court."

1. Plaintiffs' attorney, James Dyer, clearly relied on his investigator's interview of the prospective deponent, John Davis, when making his (James Dyer's) representations to the Court and opposing counsel concerning Mr. Davis' state of precarious health. Since Mr. Dyer did not personally interview Mr. Davis, he had no choice but to rely upon and to represent what he had learned from the investigator.

For the following two reasons, this Court concludes that any differences between the facts represented by attorney James Dyer and the reality of John Davis' health, as set forth in his subsequent deposition, were not intentional.

    a. The Court has interacted with this particular Plaintiffs' attorney for a period in excess of 30 years, in a wide variety of matters, some of which have been resolved in

-3-

his favor, some of which have not. Based on the entirety of that experience, in counsel's written work, oral representations to the Court and opposing counsel, and his performance and abilities demonstrated in trials and in-court hearings, the undersigned can state, <u>without qualification</u>, that the next time this particular attorney makes an intentional misrepresentation calculated to mislead the Court and opposing counsel will be the very first time.

    b.  To what end would such an intentional misrepresentation have been made? What conceivable benefit could an attorney gain, in this case, by jeopardizing his reputation and credibility through intentionally misrepresenting the physical condition of a healthy witness, so as to get a "jump" of a few weeks or months in deposing him? In the Court's opinion, these questions answer themselves with a resounding "none."

  2.  While Plaintiffs' attorney is entitled to rely on his investigator's representation of the prospective deponent's health, after the investigator has questioned that individual, such reliance is not "defense" to a charge of innocent misrepresentation.

Plaintiffs' counsel hired the investigator who conducted the interview of deponent, John Davis, at the instance and request of counsel. Assuming, as appears to have been the case, that the investigator misrepresented the pertinent parts of his interview with the prospective deponent, Plaintiffs' counsel, not having conducted an interview with the witness, is charged with those misrepresentations, once he passes them on to opposing counsel.

The fact is that opposing counsel incurred time, represented by attorneys' fees and costs, in attending the deposition of John Davis and, further, incurred additional fees and costs in the preparation of his motion for an award of attorneys' fees and sanctions, with accompanying memorandum, as well as for his reply memorandum to the Plaintiffs' submission (Doc. #181).

-4-

Accordingly, his motion for sanctions in the form of attorneys' fees and costs is well taken.

Said attorneys' fees and costs will not be quantified at this time. Rather, the Court will await such submissions by counsel on the amount and extent of same and quantification by the Court, until such time as the instant litigation has been resolved, once it has been determined whether John Davis will have to be deposed a second time by Defendant, the use made of the deposition of John Davis at issue herein, how much duplicative time, if any, has resulted from the early deposition of the deponent, etc. Once the value of the extra fees and costs incurred, if any, as a result of the premature deposition of John Davis has been determined, the Court will seek submissions from counsel, leading to the Court taking the matter under advisement and quantifying the amount of attorneys' fees and costs, if any, to which Plaintiffs should owe the Defendant, the Dayton Power and Light Company.

Given that the Motions to Dismiss have been ruled upon, that branch of the Defendant's motion seeking sequestration of the deposition transcript of John Davis, as well as an order forbidding any use of the information provided by said deposition, until it has had a chance to rule on the pending Motions to Dismiss, is moot and will, accordingly, not be ruled upon.

March 12, 2014                          WALTER H. RICE
                                             UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record