IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORP., *et al.*,

    Plaintiffs,

v.

THE DAYTON POWER & LIGHT CO., *et al.*,

    Defendants.

:
:
:
:

Case No. 3:13-cv-115

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT DAP PRODUCTS INC'S MOTION FOR SUMMARY JUDGMENT (DOC. #266) WITHOUT PREJUDICE TO REFILING ONCE PLAINTIFFS HAVE COMPLETED DISCOVERY

---

In connection with clean-up efforts at the South Dayton Dump and Landfill Site (the "Site"), Plaintiffs Hobart Corporation, Kelsey-Hayes Company, and NCR Corporation filed suit against DAP Products, Inc. ("DAP"), and more than thirty other defendants, all "potentially responsible parties" under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§9607 and 9613 ("CERCLA"). Plaintiffs asserted claims of cost recovery under § 107(a) of CERCLA, contribution under § 113(f)(3)(B) of CERCLA, declaratory judgment, and unjust enrichment.

This matter is currently before the Court on DAP's Motion for Summary Judgment. Doc. #266. For the reasons set forth below, the Court overrules that

motion, without prejudice to re-filing once Plaintiffs have had the opportunity to complete discovery.

I.     **Background and Procedural History**

The South Dayton Dump and Landfill Site ("the Site") is contaminated with numerous hazardous substances. Waste was deposited at the Site from the early 1940s until 1996. Plaintiffs were identified as potentially responsible parties ("PRPs") under CERCLA because they either generated the hazardous substances found at the Site, owned or operated the Site when hazardous substances were disposed of there, or arranged for disposal or transport for disposal of hazardous substances at the Site. *See generally* 42 U.S.C. §§ 9604, 9607, and 9622.

In August of 2006, Plaintiffs entered into an "Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study" ("2006 ASAOC") with the United States Environmental Protection Agency ("EPA"). In May of 2010, Plaintiffs sued several other PRPs, seeking cost recovery under § 107(a) of CERCLA, contribution under § 113(f)(3)(B) of CERCLA, damages for unjust enrichment, and declaratory judgment. *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, Case No. 3:10-cv-195 ("*Hobart I*"). In June of 2012, Plaintiffs sued several additional PRPs, including DAP, asserting the same causes of action. *Hobart Corp. v. Coca-Cola Enters., Inc.*, Case No. 3:12-cv-213 ("*Hobart II*"). The Court eventually dismissed *Hobart I* and *Hobart II*, having determined that Plaintiffs were limited to a § 113(f)(3)(B) contribution action, which was barred by the three-

2

year statute of limitations. That decision was recently affirmed by the Sixth Circuit Court of Appeals. *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 758 F.3d 757 (6th Cir. 2014).

On April 5, 2013, Plaintiffs entered into an "Administrative Settlement Agreement and Order on Consent for Removal Action" ("2013 ASAOC") with the EPA, in connection with certain "vapor intrusion risks" at the Site. Plaintiffs then filed the above-captioned case ("*Hobart III*"), naming over thirty PRPs as defendants, including DAP once again. Although Plaintiffs assert the same four causes of action asserted in *Hobart I* and *Hobart II*, the claims at issue here arise out of the 2013 ASAOC rather than the 2006 ASAOC.

The Corrected Third Amended Complaint in *Hobart III* alleges that:

> Defendant DAP Products Inc. is the legal successor in interest under the theories of de facto merger and/or mere continuation and/or assumption of liabilities to DAP, Inc. ("DAP"). DAP Products Inc. was first incorporated in Delaware as Wassall USA Acquisition, Inc., on September 23, 1991. That same month, Wassall USA Acquisition, Inc. purchased the assets of DAP, and agreed to indemnify DAP for certain environmental liabilities, within which Plaintiffs' claims are included. Wassall USA Acquisition, Inc. changed its name to DAP Products Inc. on November 8, 1991. DAP Products Inc. has substantially continued DAP's business. DAP Products Inc. claims DAP's history as its own on its current website, and it derives financial benefit from the "DAP" name. DAP arranged for the disposal of wastes at the Site, including waste containing hazardous substances from its facilities and operation located in and around Dayton. DAP contributed to Contamination at the Site through its disposal of wastes that included hazardous substances at the Site.

Corrected Third Am. Compl. ¶71, Doc. #250, PageID##2498-99.

3

In February of 2014, the Court dismissed the cost recovery claims brought under §107(a) of CERCLA, and a portion of the other claims. Doc. #189. DAP has now moved for summary judgment on the remainder of the claims, arguing that Plaintiffs have no evidence from which a reasonable jury could find that any DAP entity arranged for the disposal of hazardous substances at the Site. DAP further argues that, without such evidence, each remaining claim fails.

Plaintiffs maintain that the evidence presented to date is sufficient to withstand summary judgment. In the alternative, pursuant to Federal Rule of Civil Procedure 56(d), they request that the Court defer ruling on the motion, allowing them time to conduct discovery so that they can adequately respond to the motion.

## II. Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must

4

present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility

determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, the court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

### III.  Analysis

In its motion for summary judgment, DAP argues that, despite engaging in years of discovery, Plaintiffs have failed to produce any evidence that DAP "arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances" to the South Dayton Dump and Landfill Site. *See* 42 U.S.C. § 9607(a)(3).

Edward Grillot, a former employee at the Site, testified in an April 24, 2012, deposition that he had observed tubes of caulking and silicone, and cans of window glazing, all with DAP's name on them, at the Site. Doc. #266-2, PageID##2751-52. He also testified that DAP was a customer at the Site, but he did not know exactly how the materials got there. He did not think that DAP had

6

its own truck, and speculated that DAP had used another hauler. *Id.*[1] In a subsequent deposition, taken on December 16 and 17, 2013, Grillot again testified that waste from DAP was brought to the Site beginning in the 1960s, but he could not remember if it came in DAP's own trucks or was hauled in by someone else. Doc. #266-3, PageID##2757-62.

DAP argues that Grillot's testimony, that he observed DAP products at the Site, is insufficient to create a genuine issue of material fact concerning whether DAP arranged to have those hazardous materials disposed of or transported there. According to DAP, since this is a critical element, summary judgment is therefore warranted on all claims. Plaintiffs contend that they have presented sufficient evidence from which a reasonable jury could find that DAP arranged for disposal or transportation of hazardous substances at the Site.

The Court finds that, at the present time, Plaintiffs have not presented sufficient evidence to withstand summary judgment. The mere fact that DAP products were transported to the Site does not necessarily mean that DAP arranged for that to happen. It is possible that some third party purchased the DAP products for their intended purpose, and later arranged for their disposal at the Site. DAP cannot be held liable as an "arranger" without a showing that it took "intentional steps to dispose of a hazardous substance." *Burlington N. & Santa Fe Ry. v. United States*, 556 U.S. 599, 611 (2009). At this stage of the

---

[1] DAP notes that, because it did not participate in Grillot's April 24, 2012, deposition, this testimony could not be used against DAP at trial. Fed. R. Civ. P. 32(a)(1). DAP also objects to the leading nature of the questions asked of Grillot.

litigation, Plaintiffs have failed to present sufficient evidence that DAP engaged in any such affirmative act.

In the alternative, Plaintiffs argue that it is premature for the Court to consider DAP's motion for summary judgment because Plaintiffs have not yet had the opportunity to conduct all necessary discovery and cannot adequately respond. *See La Quinta Corp. v. Heartland Props., LLC*, 603 F.3d 327, 334 (6th Cir. 2010) ("[i]t is well established that the plaintiff must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment").

Federal Rule of Civil Procedure 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Plaintiffs' counsel, Larry Silver, has submitted a declaration stating that Plaintiffs need discovery to help identify "DAP's haulers and transporters to determine the extent of DAP's use of the Site for disposal and the composition of its waste." Plaintiffs have learned that DAP often used Industrial Waste Disposal Co. Inc. ("IWD") to haul its waste, and that IWD often transported waste to the Site. Silver Decl. ¶¶5-6, Doc. #270-2, PageID##2805-06. Plaintiffs would like further discovery from IWD and from Waste Management of Ohio, Inc. ("WMO"), IWD's successor-in-interest, to learn who disposed of DAP's waste, and who made the decision to dispose of DAP's waste at this particular Site. *Id.* at ¶8.

8

Silver further states that, because this information is within the control of DAP and its haulers, Plaintiffs have been unable to obtain it up to this point. *Id.* at ¶10.

In determining whether to grant a request under Rule 56(d), the court should consider: (1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery could make a difference in the outcome of the pending motion; (3) how long the discovery period has lasted; (4) whether the movant has been dilatory in its discovery efforts; and (5) whether the opposing party was responsive to prior discovery requests. *See Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)).

Here, Plaintiffs have known for several years that they would need proof that DAP arranged for disposal of hazardous substances at the Site, because this is a required element of each of their claims. Nevertheless, discovery in cases like this, involving conduct that took place decades ago by dozens of potentially responsible parties, is, by its very nature, protracted and difficult. Although litigation concerning this Site has been ongoing for quite some time, discovery was stayed in *Hobart II*, pending resolution of the dispositive motions. In the instant case, discovery began only a few months ago.

DAP does not argue that Plaintiffs have been dilatory in their discovery efforts. Rather, DAP maintains that additional discovery would be futile because, as DAP informed Plaintiffs in its Rule 26(a)(1) Initial Disclosures, DAP has "no site nexus documents." Doc. #271-5, PageID#2849. DAP argues that Silver's

9

statement, that Plaintiffs have learned that DAP was one of IWD's customers, is insufficient to justify additional time for discovery, given the fact that IWD apparently hauled waste to several different landfills.

The Court disagrees. The fact that DAP does not have "site nexus documents" does not mean that IWD, WMO, or other waste haulers who may have contracted with DAP do not have them. Given that Plaintiffs already have information that DAP products were regularly brought to the Site, that DAP was one of IWD's customers, and that IWD often transported waste to the Site, Plaintiffs must be given a fair opportunity to conduct additional discovery to search for evidence of the missing link, *i.e.*, that DAP arranged for those hazardous substances to be transported to, or disposed of, at the Site. All agree that this information is crucial to the outcome of the pending motion.

## IV. Conclusion

Having weighed the various factors under Federal Rule of Civil Procedure 56(d), the Court concludes that Plaintiffs are entitled to additional discovery before the Court decides whether DAP is entitled to summary judgment. The Court therefore OVERRULES Defendant DAP Products, Inc.'s Motion for Summary Judgment (Doc. #266), WITHOUT PREJUDICE to re-filing once Plaintiffs have had the opportunity to complete discovery.

Date: September 12, 2014

*/s/ Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE