IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,  :

    Plaintiffs,

v.  :  Case No. 3:13-cv-115

THE DAYTON POWER & LIGHT CO., et al.,  :  JUDGE WALTER H. RICE

    Defendants.  :

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION TO DISMISS ALL COUNTERCLAIMS (DOC. #240); CONSTRUING SCOPE OF PLAINTIFFS' DECLARATORY JUDGMENT CLAIM; OVERRULING AS MOOT DEFENDANTS' REQUEST FOR PRETRIAL CONFERENCE (DOC. #265)

---

Plaintiffs Hobart Corporation, Kelsey-Hayes Company and NCR Corporation, filed suit, under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. §§ 9601 et seq., against numerous defendants, seeking to recover certain response costs incurred in connection with the South Dayton Dump and Landfill Site (the "Site"). This matter is currently before the Court on Plaintiffs' Motion to Dismiss All Counterclaims, Doc. #240. For the reasons set forth below, Plaintiffs' motion is sustained.

I.    **Background and Procedural History**

In April of 2013, Plaintiffs Hobart Corporation, Kelsey-Hayes Company and NCR Corporation entered into an "Administrative Settlement Agreement and Order on Consent for Removal Action" (the "2013 ASAOC") with the United States Environmental Protection Agency ("EPA"), concerning vapor intrusion risks at the Site. Plaintiffs, who are all potentially responsible parties ("PRPs") under CERCLA, agreed to conduct subsurface gas sampling and extent-of-contamination sampling, and to design and install vapor abatement mitigation systems if needed. Doc. #1-1, PageID##40-41. Plaintiffs also agreed to pay the EPA $85,968.57 for Past Response Costs, and to pay all Future Response Costs incurred by the EPA in connection with the 2013 ASAOC. *Id.* at PageID##48-49. In return, Plaintiffs were given protection against contribution claims by other PRPs for "matters addressed" in the 2013 ASAOC. *Id.* at PageID##58-59.

Shortly after executing the 2013 ASAOC, Plaintiffs filed suit against more than thirty other PRPs, seeking to recover certain response costs. In addition to asserting a cost recovery claim under §107(a) of CERCLA, and a contribution claim under § 113(f)(3)(B) of CERCLA, Plaintiffs brought a claim of unjust enrichment, and sought declaratory judgment.

On February 18, 2014, the Court dismissed a portion of Plaintiffs' claims. It dismissed the § 107(a) cost recovery claim, holding that, because Plaintiffs had entered into a settlement agreement with the EPA, their exclusive remedy was for contribution under § 113(f)(3)(B) of CERCLA. The Court found that Plaintiffs' cost

of identifying other PRPs was recoverable either in the context of the § 113(f) claim, or under an alternative theory of unjust enrichment. To the extent that Plaintiffs sought a declaration of Defendants' liability for future response costs under § 107(a), the Court dismissed that portion of the claim, but allowed Plaintiffs to proceed on their declaratory judgment claim based on § 113(f). Doc. #189.

Later, nineteen Defendants filed counterclaims against Plaintiffs.[1] All Defendants allege that if they are found liable for cleanup costs at the Site, they are entitled to contribution from Plaintiffs pursuant to § 113(f)(1) of CERCLA.[2]

---

[1]   *See* Docs. #198 (Sherwin-Williams Co.), #201 (Flowserve Corp.), #202 (University of Dayton), #203 (Standard Register Co.), #205 (Conagra Grocery Products Co., LLC), #211 (DAP Products, Inc.), #212 (Van Dyne-Crotty Co.), #215 (Fickert Devco, Inc.), #217 (Dayton Industrial Drum, Inc.), #219 (Valley Asphalt), #220 (Kimberly-Clark Corp.), #221 (The Dayton Power & Light Co.), #222 (Bridgestone Americas Tire Operations, LLC), #223 (Ohio Bell), #224 (Waste Management of Ohio), #226 (Coca-Cola), #228 (P-Americas), #229 (Dayton Board of Education), and #230 (City of Dayton). Although Plaintiffs also allege that Defendant Pharmacia LLC asserted a counterclaim in Document #210, the Court does not read that document as asserting any such claim.

[2]   42 U.S.C. § 9613(f)(1) states:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.

3

Some Defendants also seek contribution under § 107(a)(4)(B) of CERCLA,[3] and a few seek contribution and/or indemnification under common law, as well as attorneys' fees.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs have moved to dismiss all of these counterclaims for failure to state a claim upon which relief can be granted. Doc. #240. Plaintiffs argue that the counterclaims for contribution are barred by the terms of the 2013 ASAOC. They further argue that Defendants' other counterclaims suffer from the following pleading deficiencies: (1) the § 107 (a)(4)(B) counterclaims fail because they do not allege the incurrence of response costs at the Site; (2) the common law counterclaims for indemnification and contribution are legally insufficient because they lack the requisite factual support; and (3) there is no statutory basis for an award of attorneys' fees.

Defendants concede that if Plaintiffs' remaining claims are limited to the recovery of response costs arising from the 2013 ASAOC, *i.e.*, response costs related to vapor intrusion risks, the counterclaims are barred and must be dismissed. But to the extent that Plaintiffs' remaining claims could be interpreted to seek recovery of future response costs beyond the scope of the 2013 ASAOC, Defendants argue that the counterclaims are viable, and are sufficiently pled.

On a related note, after Plaintiffs' Motion to Dismiss All Counterclaims was fully briefed, certain Defendants requested a pretrial conference seeking to clarify

---

[3] That subsection imposes liability for "any other necessary costs of response incurred by any other person consistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(B).

4

the effect of the Court's February 18, 2014, Decision and Entry, on the scope of Plaintiffs' remaining claims. Doc. #265. More specifically, Defendants sought clarification concerning whether Plaintiffs were entitled to pursue a broad declaratory judgment that Defendants were liable for future response costs beyond the scope of matters addressed in the 2013 ASAOC. This Decision and Entry addresses those topics in detail, and renders moot the need for a pretrial conference. A scheduling conference is currently scheduled for October 23, 2014, at 2:00 p.m.

## II.   Standard of Review

Federal Rule of Civil Procedure 8(a) provides that any pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a pleading on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a

defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id*. at 679.

### III.  Analysis

The 2013 ASAOC provided Plaintiffs with protection from contribution claims for matters addressed in that settlement agreement, *i.e.*, past and future

6

response costs related to vapor intrusion risks at the Site. Doc. #1-1, PageID##58-59. *See also* 42 U.S.C. § 9613(f)(2) ("A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement"). That protection extends to all statutory and common law claims for contribution and indemnification. *See Crown Cork and Seal Co., Inc. v. Dockery*, 907 F. Supp. 147, 151 (M.D.N.C. 1995); *Taylor Farm Ltd. Liab. Co. v. Viacom, Inc.*, 234 F. Supp. 2d 950, 962 (S.D. Ind. 2002).

Accordingly, Defendants all concede that, if Plaintiffs' remaining claims are limited to recovery of the specific response costs arising out of the 2013 ASAOC, the counterclaims should be dismissed. However, Plaintiffs are not entitled to contribution protection for response costs outside the scope of matters addressed in the 2013 ASAOC. Therefore, to the extent that Plaintiffs also seek recovery of response costs unrelated to the vapor intrusion risks addressed in the 2013 ASAOC, Defendants argue that their counterclaims remain viable. In order to resolve these matters, the Court must determine the scope of Plaintiffs' remaining claims.

### A. Plaintiffs' §113(f)(3)(B) Contribution Claim

In Count II of the Third Amended Complaint, Plaintiffs seek contribution from Defendants under § 113(f)(3)(B) of CERCLA. A contribution claim exists to allow a party who has paid more than its fair share to collect from others who are

responsible for the same wrongdoing. *See United States v. Atlantic Research Corp.*, 551 U.S. 128, 138 (2007). The relevant statute states:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2).

42 U.S.C. § 9613(f)(3)(B).

Defendants argue that a § 113(f)(3)(B) claim is necessarily limited to contribution for response costs incurred in connection with the settlement agreement at issue. Plaintiffs, however, claim to be entitled to contribution under § 113(f) not only for response costs incurred in connection with the 2013 ASAOC, but also "for future response costs to be incurred by Plaintiffs in connection with the Site." Doc. #250, PageID#2509.

As discussed below, Plaintiffs might be entitled to a declaratory judgment that Defendants are strictly liable for future response costs beyond the scope of the 2013 ASAOC. However, *in the context of this particular lawsuit*, Plaintiffs cannot recover future response costs other than those incurred in connection with the 2013 ASAOC. It is undisputed that Plaintiffs are entitled to protection from all claims for contribution and indemnity arising from matters addressed in that settlement agreement. With respect to these claims, then, all agree that Defendants' counterclaims fail to state a claim upon which relief can be granted.

8

### B. Scope of Plaintiffs' Other Remaining Claims

Plaintiffs' remaining claims for declaratory judgment and unjust enrichment arguably encompass response costs that fall outside the scope of matters addressed in the 2013 ASAOC. Accordingly, Plaintiffs are not entitled to protection from Defendants' counterclaims for contribution with respect to these particular claims. Nevertheless, as explained below, that does not necessarily mean that the counterclaims are viable.

#### 1. Declaratory Judgment

In Count IV of the Third Amended Complaint, Plaintiffs allege that there is an actual case or controversy concerning the parties' "respective rights and responsibilities for the response costs incurred in connection with the 2013 ASAOC *and to be incurred with respect to the Contamination at the Site.*" Doc. #250, PageID#2510 (emphasis added). Plaintiffs also maintain that they:

> are entitled to declaratory judgment on liability for response costs that will be binding in any subsequent action or actions to recover further response costs and which declares that the Defendants are liable under CERCLA Section 107(a) . . . and/or CERCLA Section 113(f)(3)(B) . . . , for all or their proper share of response costs incurred and to be incurred by Plaintiffs *with respect to the Contamination at the Site*, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201-2202.

*Id.* at PageID##2510-11 (emphasis added).

"Contamination" is broadly defined in the Third Amended Complaint as all of the hazardous substances found at the Site "in liquid, solid and/or gaseous states." *Id.* at PageID#2487. Defendants note that this clearly includes more than vapor

9

intrusion risks. They therefore argue that Plaintiffs' declaratory judgment claim encompasses response costs outside the scope of the 2013 ASAOC.

Like Defendants, the Court construes Plaintiffs' request for declaratory relief to encompass Defendants' liability not only for response costs incurred in connection with the 2013 ASAOC, but also liability for future response costs related to *other* contamination at the Site. Plaintiffs' request is consistent with CERCLA's declaratory judgment provision, which states that, "[i]n any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." 42 U.S.C. § 9613(g)(2).

This declaratory judgment provision serves a very useful purpose in terms of judicial economy. Because the process of cleaning up hazardous waste sites is lengthy and complicated, CERCLA contemplates successive lawsuits involving the same site and the same parties, but different response costs. *See* 42 U.S.C. § 9613(f)(3)(B). Once a defendant's liability has been established in the initial action, and costs have been equitably apportioned among all liable parties, there is typically no need for the Court to revisit those issues in subsequent lawsuits. *See Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000) ("The costs and time involved in relitigating issues as complex as these where new costs are

10

incurred would be massive and wasteful. Declaratory relief allocating future costs is therefore consistent with the broader purposes of CERCLA.").[4]

---

[4] As the Sixth Circuit explained in *Kalamazoo River Study Group v. Menasha Corp.*, "[r]ecovery of response costs by a private party under CERCLA is a two-step process." 228 F.3d 648, 656 (6th Cir. 2000) (quoting *Control Data Corp. v. SCSC Corp.*, 53 F.3d 930, 934 (8th Cir. 1995)). First, the court must determine whether a particular defendant falls within one of the categories of PRPs set forth in 42 U.S.C. § 9607(a), *i.e,*, owner or operator, arranger or transporter. If so, that defendant is strictly liable under CERCLA for response costs. *Id.* at 656-57.

That liability is joint and several, unless there is a reasonable basis for equitably apportioning liability among the PRPs. *See Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 614 (2009) (citing § 433A of Restatement (Second) of Torts)). Factors to be considered (commonly known as the "Gore factors") with respect to equitable apportionment include:

> 1. the ability of the parties to demonstrate that their contribution to a discharge, release, or disposal of a hazardous waste can be distinguished;
> 2. the amount of hazardous waste involved;
> 3. the degree of toxicity of the hazardous waste;
> 4. the degree of involvement by the parties in the generation, transportation, treatment, storage, or disposal of the hazardous waste;
> 5. the degree of care exercised by the parties with respect to the hazardous waste concerned, taking into account the characteristics of such hazardous waste; and
> 6. the degree of cooperation by the parties with Federal, State, or local officials to prevent any harm to the public health or the environment.

*Control Data Corp.*, 53 F.3d at 935.

While the court's equitable allocation is typically binding with respect to future response costs, *see Boeing*, 207 F.3d at 1191, a declaratory judgment may contain a provision authorizing the court to revisit this issue if new facts or new evidence renders the previous allocation inequitable. *See Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 449 (3d Cir. 2005). For example, due to the nature of the hazardous vapors that are the subject of the 2013 ASAOC, it is unlikely that the harm at issue can be attributed to any particular PRP. This may well be true with respect to much of the other contamination at the Site. However, the Court can envision a scenario in a future remedial action in which, due to the discrete nature of the particular contamination at issue, it is possible to trace the harm to just one

11

Defendants note that this Court's February 18, 2014, Decision and Entry, dismissed Plaintiffs' request for "a declaration of liability for recovery of future response costs under § 107(a)." Doc. #189, PageID#1792. Defendants argue that, in so holding, the Court significantly narrowed the scope of Plaintiffs' claim and prohibited Plaintiffs from seeking declaratory relief with respect to response costs outside the scope of matters addressed in the 2013 ASAOC.

Defendants have misinterpreted the Court's ruling. Plaintiffs sought declaratory judgment concerning Defendants' liability for additional response costs under § 107(a) and § 113(f). Given that the Court dismissed Plaintiffs' § 107 cost recovery claim, the Court dismissed that portion of the derivative declaratory judgment claim as well. However, the Court did nothing to restrict the scope of declaratory relief available to Plaintiffs under § 113(f).

Although CERCLA's declaratory judgment provision is contained in a subsection discussing cost recovery actions under § 107(a), courts have held that declaratory judgments concerning future response costs are equally available in the context of § 113(f) contribution actions. *See GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 451 (6th Cir. 2004) ("requests for declaratory judgments concerning future response costs in § 107 and § 113(f) suits must be treated alike"); *United States v. Davis*, 261 F.3d 1, 47 (1st Cir. 2001) ("§ 9613 (g)(2) applies to

---

or two PRPs. In that situation, it may be appropriate to reapportion liability within the context of that particular remedial action.

§ 9613(f) contribution actions for both past and future response costs"); *Boeing*, 207 F.3d at 1191 (holding that declaratory judgments are authorized in § 113(f) actions).

In short, nothing prevents Plaintiffs from seeking a broad declaration concerning Defendants' liability for future response costs with respect to other contamination at the Site.[5] However, even if the Court grants the broad declaratory relief requested by Plaintiffs, Plaintiffs cannot actually *recover* those future response costs from Defendants in the context of this particular lawsuit. Accordingly, Defendants' counterclaims for contribution with respect to future response costs outside the scope of matters addressed in the 2013 ASAOC are premature. For this reason, they are subject to dismissal without prejudice.

If and when Plaintiffs file a subsequent lawsuit seeking to actually recover response costs for other contamination at the Site, Defendants may reassert their counterclaims then. The Court, however, does not discount the possibility that, if Plaintiffs enter into a subsequent settlement agreement with the EPA and then seek contribution from Defendants to recover those response costs, Plaintiffs may

---

[5] As Defendants noted in their request for a pretrial conference, Doc. #265, the scope of Plaintiffs' declaratory judgment claim has a substantial impact both on the amount of discovery that will be required, and on prospects for settlement. The Court realizes that requiring the parties to litigate the issues of liability and equitable apportionment of all future response costs in the context of the initial action necessarily means that discovery is likely to be prolonged. However, as the court noted in *Boeing*, once broad declaratory relief is granted, all parties "will know their share of costs before they are incurred." *Boeing*, 207 F.3d at 1191. In this respect, it may actually facilitate settlement in the long run.

again be entitled to protection from Defendants' claims for contribution and indemnification pursuant to 42 U.S.C. § 9613(f)(2).

### 2. Unjust Enrichment

In Count III of the Third Amended Complaint, Plaintiffs assert a claim of unjust enrichment, seeking contribution for the response costs they have incurred in identifying other PRPs. *See Key Tronic Corp. v. United States*, 511 U.S. 809, 820 (1994). The Court has previously held that the cost of identifying PRPs is recoverable as a "necessary response cost" either in the context of the § 113(f) contribution claim, or under an alternative theory of unjust enrichment. Doc. #189.

Because this particular response cost falls outside the scope of matters addressed in the 2013 ASAOC, Plaintiffs are not entitled to contribution protection. Nevertheless, Defendants' counterclaims for contribution with respect to the cost of identifying other PRPs are superfluous in the context of this lawsuit.

Whether Plaintiffs seek to recover the cost of identifying other PRPs in the context of their § 113(f) contribution claim, or under an alternative theory of unjust enrichment, the Court is already charged with equitably allocating that cost among all of the liable parties, including Plaintiffs. *See* 42 U.S.C. § 9613(f)(1) ("In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."); *San Allen, Inc. v. Buehrer*, 11 N.E.2d 739, 785 (Ohio Ct. App. 2014) (noting that the *extent* of unjust enrichment is one of the equitable factors to be considered in

14

awarding restitution on an unjust enrichment claim). Therefore, Defendants' interests – in making sure that they are not required to pay more than their fair share of the cost of identifying other PRPs – are already adequately protected. Because Defendants' counterclaims for contribution are superfluous, they are subject to dismissal. *See Niagara Mohawk Power Corp. v. Consolidated Rail Corp.*, 291 F. Supp. 2d 105, 122 (N.D.N.Y. 2003) ("by the very nature of a contribution action, counterclaims for contribution are superfluous"), *aff'd in part and rev'd in part in Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112 (2d Cir. 2010); *United States v. Nat'l R.R. Passenger Corp.*, No. Civ.A.86-1094, 2004 WL 1921006, at \*5 (E.D. Pa. Aug. 30, 2004) (dismissing counterclaims for contribution in CERCLA action as superfluous).

To summarize, all of Defendants' counterclaims for contribution are subject to dismissal. With respect to Plaintiffs' claims for response costs arising from the 2013 ASAOC, Defendants' counterclaims for contribution and indemnity are barred by the terms of that agreement. With respect to Plaintiffs' claims for response costs outside the scope of matters addressed in the 2013 ASAOC, Defendants' counterclaims for contribution are premature and/or superfluous. Defendants have therefore failed to state a claim upon which relief can be granted. The Court need not address Plaintiffs' alternative arguments concerning the sufficiency of the allegations with respect to Defendants' contribution counterclaims asserted under § 107(a) and the common law.

### C. Common Law Indemnity Counterclaims

Defendants Con Agra, DAP Products and Kimberly-Clark also assert common law counterclaims of indemnity. Docs. ##205, 211, 220. Plaintiffs argue that these counterclaims do not satisfy the pleading standards set forth in *Iqbal* and *Twombly*, in that the claims are not supported by factual allegations giving rise to an inference that Plaintiffs are, in fact, liable for indemnification. The Court agrees.

Under Ohio law, "[i]ndemnity arises from contract, express or implied, and is the right of a person who has been compelled to pay what another should have paid to require complete reimbursement." *Mahathiraj v. Columbia Gas of Ohio, Inc.*, 617 N.E.2d 737, 743 (Ohio Ct. App. 1992). Defendants have not alleged the existence of an express contract. Nor have they alleged any facts to support an inference that Plaintiffs would be liable under any available theory of implied indemnification. The Court therefore sustains Plaintiffs' motion to dismiss the common law counterclaims for indemnification.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' Motion to Dismiss All Counterclaims, Doc. #240, is SUSTAINED. Defendants' "Rule 16 Request for Pretrial Conference Regarding Clarification of the Impact of the Court's Ruling (Docs. 189-190) on the Pending Case Scheduling Order and Resolution of Plaintiffs' Motion to Dismiss (Doc. #241) Defendants' CERCLA Contribution

Counterclaims," Doc. #265, is OVERRULED AS MOOT. A scheduling conference call will take place on October 23, 2014, at 2:00 p.m.

Date: October 16, 2014

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE