IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,  :

    Plaintiffs,

v.  :  Case No. 3:13-cv-115

THE DAYTON POWER AND  :  JUDGE WALTER H. RICE
LIGHT COMPANY, et al.,

    Defendants.  :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PHARMACIA LLC'S MOTION TO COMPEL DISCOVERY AND FOR A PROTECTIVE ORDER (DOC. #408); MEMORIALIZING OTHER DISCOVERY RULINGS MADE DURING AUGUST 23, 2016, CONFERENCE CALL

---

As discussed during the conference call held on August 23, 2016, Pharmacia LLC's Motion to Compel Discovery and for a Protective Order, Doc. #408, is SUSTAINED IN PART and OVERRULED IN PART. The vast majority of Pharmacia's requests are protected by the work product doctrine, and are not discoverable. However, Plaintiffs do have a duty, under Federal Rule of Civil Procedure 26(a)(1)(A)(i), to provide the name and, if known, the contact information, of each individual with discoverable information that may be used to support Plaintiffs' claims or defenses. To the extent that any of Pharmacia's former employees who have been interviewed by Plaintiffs' private investigators

fall within the scope of that Rule, their names and contact information must be disclosed.

As agreed, Plaintiffs shall submit to the Court, for an *in camera* review, the interview memoranda of those private investigators so that the Court can determine whether all required Rule 26(a)(1)(A)(i) disclosures have been made. Plaintiffs are directed to submit those to the Court within 5 business days. Plaintiffs have also agreed to supplement their privilege log if necessary. For the reasons discussed during the conference call, the Court OVERRULES Pharmacia's request to cancel or postpone the deposition of Tom Ctvrtnicek, currently scheduled for August 25, 2016.

Plaintiffs' August 18, 2016, letter to the Court concerning a separate discovery dispute, along with Pharmacia's August 22, 2016, response to that letter were also discussed during the conference call. Pharmacia is directed to produce any additional information within its custody, control or possession, concerning pre-1969 waste disposal by either the Dayton Research Lab or the Mound facility.

As the Court noted, counsel's signature on the interrogatories, as an agent of Pharmacia, is sufficient. Counsel has agreed to provide an abstract of efforts made to comply with Plaintiffs' discovery requests concerning waste disposal at the two facilities. To the extent that counsel has certified that certain information sought by Plaintiffs does not exist, Plaintiffs may pose a follow-up interrogatory to

inquire as to the factual basis for that conclusion. In the alternative, Plaintiffs may conduct a 30(b)(6) deposition of Pharmacia's designated officer or agent.


Date: August 23, 2016

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE