IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,  :

    Plaintiffs,

  v.  :  Case No. 3:13-cv-115

THE DAYTON POWER & LIGHT  :  JUDGE WALTER H. RICE
CO., et al.,

    Defendants.  :

---

DECISION AND ENTRY OVERRULING DAP PRODUCTS INC.'S MOTION TO DISMISS KIMBERLY-CLARK'S CROSS-CLAIM (DOC. #398), DEFENDANT FRANKLIN IRON AND METAL CORPORATION'S MOTION TO DISMISS CROSS CLAIM OF DEFENDANT KIMBERLY-CLARK (DOC. #400), DEFENDANT VAN DYNE-CROTTY CO.'S MOTION TO DISMISS CROSS CLAIM OF DEFENDANT, KIMBERLY-CLARK (DOC. #401), DEFENDANT BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC'S MOTION TO DISMISS KIMBERLY-CLARK'S CROSS-CLAIM (DOC. #404), DAP PRODUCTS INC.'S RENEWED MOTION TO DISMISS KIMBERLY-CLARK'S CROSS-CLAIMS (DOC. #454), DAP PRODUCTS INC.'S MOTION TO DISMISS COCA-COLA'S CROSS-CLAIM (DOC. #472); AMENDING OMNIBUS SCHEDULING ORDER (DOC. #373) TO GIVE PARTIES THE OPPORTUNITY TO FILE CROSSCLAIMS NO LATER THAN NOVEMBER 1, 2016

---

Plaintiffs, Hobart Corporation, Kelsey-Hayes Co., and NCR Corporation filed suit against numerous Defendants, seeking contribution under § 113(f)(1) of the Comprehensive Environmental Response Compensation Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), for response costs incurred at the South Dayton Dump and Landfill Site. Several Defendants have filed cross-claims, alleging that, to the extent that they are held liable for the relief requested by Plaintiffs, they are

entitled to contribution from each Cross-Defendant under § 113(f)(1). Docs. ##395, 437, 446, 449.

This matter is currently before the Court on numerous motions to dismiss those crossclaims: (1) DAP Products Inc.'s Motion to Dismiss Kimberly-Clark's Cross-Claim (Doc. #398); (2) Franklin Iron and Metal Corporation's Motion to Dismiss Cross Claim of Defendant, Kimberly-Clark (Doc. #400); (3) Defendant Van Dyne-Crotty Co.'s Motion to Dismiss Cross Claim of Defendant, Kimberly-Clark (Doc. #401); (4) Bridgestone Americas Tire Operations, LLC's Motion to Dismiss Kimberly-Clark's Cross-Claim (Doc. #404); (5) DAP Products Inc.'s Renewed Motion to Dismiss Kimberly-Clark's Cross-Claims[1] (Doc. #454); and (6) DAP Products Inc.'s Motion to Dismiss Coca-Cola's Cross-Claim (Doc. #472).

The motions to dismiss appear to stem from a footnote contained in the Court's April 11, 2016, Omnibus Scheduling Order, Doc. #373, concerning the deadline for filing amendments to the pleadings, including crossclaims.  That footnote reads, in relevant part, as follows:

> The Court rejects Dayton Power & Light Co.'s request that each Defendant shall be deemed to assert a cross claim against all other Defendants, and that each cross claim shall be deemed to be denied by each cross-claim defendant.  As Plaintiffs note, *because Defendants have incurred no response costs at the Site, they have no valid cross-claims against each other.*  Moreover, CERCLA's requirement that costs be equitably allocated among the parties should be sufficient to address Dayton Power & Light Co.'s concerns.

Doc. #373, PageID#5562 n.4 (emphasis added).

---

[1]  DAP Products filed its Renewed Motion after Kimberly-Clark filed its Answer to Plaintiffs' Fifth Amended Complaint, reasserting its crossclaims, Doc. #449.

2

Citing the italicized language in this footnote, the moving parties seek dismissal of the crossclaims under Federal Rule of Civil Procedure 12(b)(6), arguing that, because the cross-claimants did not allege that they have incurred any response costs at the Site, they have failed to state a claim upon which relief can be granted. The cross-claimants acknowledge the Court's footnote, but do not interpret it to be dispositive. They have filed crossclaims to preserve their right to contribution under § 113(f).

In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the [non-moving party], accept its allegations as true, and draw all reasonable inferences in favor of the [non-moving party]." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*

In the Court's view, the cross-claimants have stated a plausible claim for contribution under § 113(f) of CERCLA. That subsection provides as follows:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such

3

> equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.

42 U.S.C. § 9613(f)(1).

In *United States v. Atlantic Research Corp.*, 551 U.S. 128 (2007), the Supreme Court noted that, "a [potentially responsible party's] right to contribution under § 113(f)(1) is contingent upon an inequitable distribution of common liability among liable parties." *Id.* at 139. The claim accrues only "'after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault.'" *Id.* at 138 (quoting Black's Law Dictionary 353 (8th ed. 2004)). Because Defendants have not yet been found liable, and have not yet incurred any response costs in connection with the Site, their contribution claims have not yet matured.

Nevertheless, as Kimberly-Clark points out, Federal Rule of Civil Procedure 13 specifically permits the assertion of contingent crossclaims: "The crossclaim may include a claim that the coparty is *or may be* liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed. R. Civ. P. 13(g) (emphasis added). *See also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1431, at 281 (3d ed. 2010) ("unlike Rule 13(a) [the compulsory counterclaim provision], the crossclaim provision does not require that the claim be mature at the time of pleading.").

4

Accordingly, Defendants are not prohibited from filing crossclaims to preserve their own right to contribution under § 113(f).

Notably, "liability under § 113 is not joint and several, but several only . . . the provision grants the district court discretion to allocate response costs among liable parties." *Kalamazoo River Study Group v. Menasha Corp.*, 228 F.3d 648, 653 (6th Cir. 2000). This is in contrast to cost recovery actions brought under § 107(a) of CERCLA, 42 U.S.C. § 9607(a), where liability is joint and several. *See Atl. Research Corp.*, 551 U.S. at 140 n.7 (assuming without deciding that "§ 107(a) provides for joint and several liability").

In the Court's view, the equitable allocation scheme of § 113 largely eliminates the need for counterclaims and crossclaims. In equitably allocating response costs among the responsible parties, the Court attempts to make certain that no one party is held legally responsible for more than its fair share. This renders counterclaims and crossclaims somewhat superfluous. Nevertheless, to the extent that a cross-claimant may ultimately disagree with the Court's allocation of response costs, a contingent crossclaim asserted under § 113(f) protects the parties' right to seek contribution from others.

For the reasons stated above, the Court finds that the cross-claimants have stated claims for relief that are factually and legally plausible on their face. Accordingly, all of the pending motions to dismiss crossclaims (Docs. ##398, 400, 401, 404, 454, 472) are OVERRULED. To the extent that footnote 4 in the Omnibus Scheduling Order, Doc. #373, PageID#5562 n.4, may have previously

discouraged parties from filing crossclaims, that Order is amended to allow parties to file crossclaims no later than November 1, 2016.²

Date: September 26, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

² As noted earlier, the Court previously denied Dayton Power and Light Co.'s request that each Defendant be "deemed" to have asserted and denied crossclaims against the other parties. Doc. #373, PageID#5562 n.4. For the reasons discussed in *United States v. The Atlas Lederer Co.*, 282 F. Supp. 2d 687, 700-03 (S.D. Ohio 2001), the Court continues to believe that such a request is inconsistent with the Federal Rules of Civil Procedure.

6