IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HOBART CORPORATION, *et al.*, | : | Case No. 3:13-cv-115 |
| | : | |
| Plaintiffs, | : | JUDGE WALTER H. RICE |
| | : | |
| v. | : | |
| | : | |
| THE DAYTON POWER AND LIGHT COMPANY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER APPLICABLE TO
PLAINTIFFS AND DAP PRODUCTS INC.**

The parties to this Stipulated Protective Order ("Order") are Plaintiffs and Defendant DAP Products Inc. (collectively, the "parties"). The parties assert that certain documents and information at issue in this case or sought by the parties in discovery contain confidential or proprietary information and require protection against unrestricted disclosure and use. The parties to this Stipulated Protective Order have agreed to enter into this Order to provide each other with protection against the unrestricted disclosure and use of documents produced in this case. Therefore, it is hereby ORDERED as follows:

1. Any document, testimony, or other information that is confidential research, business development, proprietary, or commercial information not accessible to the public may be designated as "Confidential Material" by any party regardless of whether this designation is made in sworn testimony, in documents produced in formal or informal discovery, at a hearing or trial, or in any documents submitted to the Court. "Confidential Material" includes any

1

recitations, summaries, or descriptions of the confidential information in notices, memoranda, or other documents created by the receiving party.

2. All Confidential Materials may be produced during discovery or otherwise. Persons other than the party asserting confidentiality may use or disclose Confidential Materials only in trial, depositions and other discovery activities, preparation for trial, the filing of motions before this Court, or any appeal in this action. A party or its counsel may also disclose the existence of Confidential Materials to the extent compelled by court order, subpoena, discovery demand, or any other requirement of law to do so, provided that the party shall provide the producing party with reasonable advance notice of such disclosure. A party shall not use Confidential Materials for any purpose other than those listed in this paragraph and Paragraph 8 below, except with the consent of the party that made the claim of confidentiality.

3. The failure to challenge the designation of Confidential Materials at the time of their disclosure shall not be deemed a waiver of the right to challenge the propriety of such designation any time thereafter. The failure to designate documents, information, or testimony as Confidential Materials at the time of production or revelation shall not preclude later designation. From the time such post-production or post-revelation designation is made, it shall have the same effect as if each individual item designated on a post-production or post-revelation basis was in fact designated as set forth in this paragraph at the time of production or revelation. Notice of such post-production or post-revelation designation shall be given in writing to all parties to whom such documents, information, or testimony have previously been furnished.

4. The designation of Confidential Materials shall be made in the following manner:

(a) with respect to documents or other discovery materials (other than depositions or other pre-trial testimony and interrogatory responses): by affixing the legend "Confidential" to each page containing any Confidential Material. Each compact disk, hard drive, or other media in which Confidential Material is stored shall contain a conspicuous warning that it contains Confidential Material. Only those portions of each document or other discovery material designated as Confidential shall be deemed Confidential. The portion of each document page, compact disk, hard drive, or other media that is Confidential shall be identified on the discovery material or on a separate record accompanying the material when produced;

(b) with respect to depositions or other pre-hearing testimony: either by a statement on the record by counsel at the time of disclosure, or by notifying counsel for all other parties in writing after receipt of the transcript. The first page of any transcript containing Confidential Material shall contain a conspicuous warning that it contains Confidential Material. Only those portions of each transcript designated as Confidential in this action shall be deemed Confidential. The Confidential portion of each transcript shall be identified by page and line on the transcript or on a separate record.

(c) with respect to interrogatory responses: by identifying, in the interrogatory response, the Confidential portion of the response. Only the portions of those interrogatory responses designated as Confidential in this action shall be deemed to be Confidential. The first page of any interrogatory answers containing Confidential

Material shall contain a conspicuous warning that the interrogatories contain Confidential Material.

5. Except as otherwise allowed by this Order, Confidential Materials may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) outside or inside counsel who represent the parties, and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Order;

(b) the parties to this Order, their officers, employees, agents and representatives of the parties;

(c) consultants or experts assisting counsel for the parties to this Order;

(d) actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or hearing testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action;

(e) the Court and its personnel in this action and court reporters employed in depositions, hearings, and other proceedings in connection with this action; and

(f) any other person as to whom the parties agree in writing. If the parties cannot agree, the matter may be submitted to the Court for further order.

6. Any person described in Paragraph 5 (b), (c), (d), or (f) to whom Confidential Material is disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part first shall be advised that the material is being disclosed pursuant and subject to the terms of this Order and may not be disclosed, summarized, described,

characterized, or otherwise communicated or made available in whole or in part to any other person, except pursuant to the terms of this Order. Thereafter, any such person to whom access is being given shall be required to confirm his understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit "A" attached hereto, except that witnesses to whom Confidential Material is first disclosed at a deposition need not be required to sign a copy of Exhibit "A" in order to be bound by the terms of this Order. Counsel for each party shall keep the original of each Exhibit "A" executed at the party's request.

7. Persons other than the producing party may use the documents produced in this action only in trial, depositions and other discovery activities, preparation for trial, the filing of motions before this Court, or any appeal in this action. Within 30 days of the final termination of this action, including any appeals, any party that has received any Confidential Materials from an opposing party shall destroy all copies of said documents and will retain no such documents or copies thereof for any purposes.

8. All documents or parts thereof or testimony that have been designated as Confidential Materials and that are submitted to the Court prior to trial may be filed under seal with the Court in accordance with this paragraph. A party wishing to file Confidential Materials produced by the other party shall first contact the opposing party to determine whether that party requires said document(s) to be filed under seal. The party requesting that a document be filed under seal shall file a motion with the Court requesting that such documents may be filed under seal. If the Court approves such a motion, the Confidential Materials shall be contained in a sealed envelope or envelopes on which shall be noted the caption of this case, the nature of the contents, the word Confidential Materials and the following statement:

This envelope contains material that was filed by *[name of party]* in Case No. 3:13-cv-115 and is not to be opened by, nor may its contents be displayed or revealed to, anyone other than the Court or counsel in this case, except as otherwise directed by this Court. Such sealed documents shall be maintained in such condition by the Court subject to access and use for this action by the Court or counsel.

9. Any inadvertent production or disclosure of material subject to any applicable privilege or attorney work product immunity shall not be a waiver of such privilege or immunity. Immediately upon receiving notice from the producing party's counsel that the disclosed material is privileged or work product material, the inadvertently disclosed material shall be returned or destroyed, and counsel for the receiving party shall refrain from any further discussion, disclosure, and sharing of the inadvertently disclosed material or the content thereof with the receiving party or anyone other than persons employed by or with counsel for the receiving party. The receiving party and/or counsel for the receiving party shall make no copies of the inadvertently disclosed material after receiving the notice described above.

10. If any party wishes to challenge another party's designation of information as Confidential Material and the parties cannot resolve the matter informally, the parties shall jointly bring the matter to the Court's attention. The party asserting confidentiality, privilege, or attorney work product shall bear the burden of proof before the Court for supporting the asserted confidential or protected status. Notwithstanding Paragraph 9 above, in the event of such a dispute over privileged or attorney work product material, the receiving party shall not be required to destroy or return the materials unless and until the Court rules that the material is subject to protection as privileged or attorney work product material. In such event, the receiving

party shall sequester the claimed privileged or attorney work product materials, will not use or disclose them, and must take reasonable steps to retrieve the materials if the receiving party disclosed them before being notified.

11. This Protective Order maybe modified by further order of the Court.

FOR GOOD CAUSE, IT IS SO ORDERED this 9th day of January, 2017.

_____
RICE, J.

Agreed to by Counsel:

/s/ Ronald M. McMillan
William E. Coughlin (0010874) - Trial Attorney
Susan R. Strom (0043734)
Ronald M. McMillan (0072437)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
Phone: (216) 622-8200
Fax: (216) 241-0816
wcoughlin@calfee.com
sstrom@calfee.com
rmcmillan@calfee.com
*Attorneys for Defendant DAP Products Inc.*

/s/ James A. Dyer
James A. Dyer – Trial Attorney (0006824)
SEBALY SHILLITO + DYER LLP
1900 Kettering Tower
40 North Main Street
Dayton, Ohio 45423-1013
Telephone: (937) 222-2500
jdyer@ssdlaw.com

*/s/ Larry Silver*
Larry Silver, *Pro Hac Vice*
LANGSAM STEVENS SILVER & HOLLAENDER LLP
1818 Market St., Suite 2610
Philadelphia, Pennsylvania 19103
Telephone: (215) 732-3255
lsilver@lssh-law.com

Counsel for Plaintiffs

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| HOBART CORPORATION, *et al.*, | : | Case No. 3:13-cv-115 |
| Plaintiffs, | : | JUDGE WALTER H. RICE |
| v. | : | |
| THE DAYTON POWER AND LIGHT COMPANY, *et al.*, | : | |
| Defendants. | : | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER APPLICABLE TO PLAINTIFFS AND DEFENDANT DAP PRODUCTS INC.

I, _____, the undersigned, hereby acknowledge that I have received a copy of the above-referenced Stipulated Protective Order ("Order") entered in this action, have read the Order, and agree to be bound by all of its provisions.

I am voluntarily executing this Agreement.

Signed: _____

Printed Name: _____

9