IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, *et al.*,

      Plaintiff,

    v.

THE DAYTON POWER & LIGHT
CO., *et al.*,

      Defendants.

:

:

:

:

Case No. 3:13-cv-115

JUDGE WALTER H. RICE

---

DECISION AND ENTRY RESOLVING DISCOVERY DISPUTES; SETTING
FORTH FUTURE PROCEDURES INVOLVING EXECUTIVE COMMITTEE

---

The Court held a conference call with the Executive Committee on March 2,

2017, to resolve several discovery disputes.  During that conference call, the Court

made the following rulings.

I.

Defendant Dayton Power & Light Company ("DP&L) wants to question

Plaintiffs' 30(b)(6) witnesses about the facts on which each Plaintiff relies to

support its claims against DP&L.  Several other Defendants have made similar

requests.

Plaintiffs contend that this evidence is protected by the work product

privilege. *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947).  They maintain that,

at this stage of the litigation, where extensive discovery has already been

conducted, all lay witnesses have been identified, and thousands of pages of

documents have been produced, asking a 30(b)(6) deponent to testify about all facts that Plaintiffs intend to rely upon to support their claims invades the work product doctrine. According to Plaintiffs, given that DP&L is essentially asking them to provide blow-by-blow details of their case-in-chief, such a request necessarily reveals counsels' thought processes.

As a general rule, the facts underlying Plaintiffs' claims are not protected by the work product privilege. Nevertheless, there is some support in the case law for Plaintiffs' position. *See, e.g., American Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 13-14 (D.D.C. 1995) (holding that, where extensive discovery had been conducted, the work product privilege barred a 30(b)(6) request for all facts which defendant contended supported a particular affirmative defense); *S.E.C. v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (holding that the work product privilege barred a 30(b)(6) inquiry into facts supporting the claims alleged, because it was clear that the defendant "intended to ascertain how the SEC intends to marshal[l] the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated.").

Other courts, however, have rejected claims that the work product privilege bars similar 30(b)(6) inquiries. *See, e.g., S.E.C. v. Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011); *Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267 D. Neb. 1989); *Smith v. Gen. Mills, Inc.*, No C2-04-705, 2006 WL

7276959 (S.D. Ohio Apr. 13, 2006); *Miller v. Experian Info. Solutions, Inc.*, No.

3:13-cv-90, 2014 WL 7176620 (S.D. Ohio Sept. 18, 2014).

In this Court's view, regardless of whether such an inquiry invades the work

product privilege, a 30(b)(6) deposition is an overly burdensome method of

acquiring this information.  It requires Plaintiffs' counsel to prepare each 30(b)(6)

designee to discuss *all* facts relevant to *all* claims asserted against more than one

dozen different Defendants.  Contention interrogatories accomplish the same result

much more efficiently, without the risk of binding a party to the 30(b)(6)

designees' potentially incomplete or inaccurate answers somewhere down the

road.  As the court noted in *Morelli*, courts often authorize contention

interrogatories "in the face of work product objections." 143 F.R.D. at 48.  *See*

*also Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 521 (S.D. Fla.

2002) ("the most efficient way to proceed is through the use of contention

interrogatories").  Contention interrogatories give counsel the opportunity to review

their clients' answers in light of any restrictions imposed by the work product

privilege.

Accordingly, the Court will not permit Defendants to ask Plaintiffs' 30(b)(6)

designees to set forth all of the facts on which their claims against each particular

Defendant are based.  The Court will, however, by way of contention

interrogatories, permit Defendants to inquire about the specific facts upon which

Plaintiffs' allegations are based.  Although, to a certain degree, this still risks

intruding on counsels' thought processes, it is specifically authorized by Fed. R.

Civ. P. 33(a)(2): "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."

Defendants who have not already done so may serve contention interrogatories on Plaintiffs by close of business on March 31, 2017. There is one caveat. In the Court's view, a contention interrogatory requesting that Plaintiffs "state all facts" upon which they rely to support their claims against any particular defendant is overly broad, unduly burdensome and, at this stage of the litigation, comes too close to invading the work product privilege. Defendants are permitted, however, to inquire about the factual basis for *specific* allegations raised in the pleadings. In turn, Plaintiffs are directed to respond in a narrative format, or by reference to specific documents.

## II.

Defendant DP&L also wants to question Plaintiffs' 30(b)(6) designees about "agreements by and between the Plaintiffs regarding the allocation of costs and/or liability for activities at the South Dayton Dump Site." Plaintiffs maintain that this evidence is subject to the "common interest" privilege.

Regardless of whether the information is privileged, it is completely irrelevant to any of the claims or defenses at issue in this case. Because it is the Court's responsibility to equitably allocate liability among the parties, any "agreement" among Plaintiffs concerning their own proportionate share of liability

4

is irrelevant.  Accordingly, such evidence is not discoverable.  *See* Fed. R. Civ. P. 26(b)(1).

## III.

Pursuant to Federal Rule of Civil Procedure 30(d)(1), the Court orders that Plaintiffs' 30(b)(6) witnesses be made available for deposition for *two* seven-hour days.  This will ensure that each Defendant has ample time to fairly examine those witnesses.  The Court encourages counsel for Defendants to avoid duplicative questions.

## IV.

In order to accommodate recent difficulties encountered by counsel in scheduling the remaining depositions, and to allow Defendants time to serve contention interrogatories, the Court has agreed to revise the Omnibus Scheduling Order, Doc. #373, extending all remaining deadlines by approximately two months. Those revisions are reflected in an Amended Omnibus Scheduling Order, to be filed contemporaneously.

## V.

Some Defendants have expressed concern about the Court's continued use of the Executive Committee.  Because there are still more than one dozen Defendants, the Court continues to believe that use of the Executive Committee is

the most efficient means of communication.  Nevertheless, the Court understands the concern that not all Defendants are being given ample opportunity to be heard.

Accordingly, from now on, when the Executive Committee wishes to schedule a conference call, it will notify the courtroom deputy about the topics to be discussed.  The courtroom deputy will then send a notice of the conference call to all counsel of record, along with a summary of the agenda.  If counsel other than the Executive Committee wish to participate in the conference call, they shall notify the courtroom deputy by telephone or email no later than 24 hours before the conference call is to take place.

Date: March 21, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

6