IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,

    Plaintiffs,

v.

THE DAYTON POWER & LIGHT COMPANY, et al.,

    Defendants.

Case No. 3:13-cv-115

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO STRIKE WASTE MANAGEMENT OF OHIO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AGAINST CONTAINER SERVICES, INC. AS AN OWNER OR OPERATOR OF THE AIR CURTAIN DESTRUCTOR (DOC. #1122); CONVERTING MOTION TO DISMISS (DOC. #1118) INTO A MOTION FOR SUMMARY JUDGMENT; PLAINTIFFS SHALL FILE A RESPONSE BRIEF BY JANUARY 15, 2020; WMO'S REPLY TO BE FILED BY JANUARY 29, 2020

---

This matter is currently before the Court on Plaintiffs' Motion to Strike Waste Management of Ohio's Motion to Dismiss for Failure to State a Claim Against Container Services, Inc., as an Owner or Operator of the Air Curtain Destructor. Doc. #1122.

In its Motion to Dismiss, Doc. #1118, filed on December 2, 2019, Waste Management of Ohio ("WMO") cites to "undisputed facts" showing that the Air Curtain Destructor allegedly owned and operated by WMO's predecessor Container Services burned only raw wood and created only wood ash. Given the

recent September 23, 2019, ruling that raw wood, including wooden pallets, and wood ash are not "hazardous substances," WMO argues that Plaintiffs cannot establish that Container Services was an owner or operator of a facility at which hazardous substances were disposed of, as alleged in the Sixth Amended Complaint. WMO therefore seeks dismissal, under Fed. R. Civ. P. 12(c), of Plaintiffs' claims against WMO as successor-in-interest to Container Services.

In their Motion to Strike, Plaintiffs argue that WMO's Rule 12(c) motion to dismiss is actually a motion for summary judgment, given that WMO relies on deposition testimony, expert witness opinions, and other matters outside the pleadings. Plaintiffs further argue that the motion is untimely, given that the Third Amended Omnibus Scheduling Order set a December 4, 2018, deadline for filing motions for summary judgment. Plaintiffs ask the Court to strike WMO's motion, relieving them of the obligation of responding to it prior to December 23, 2019.

As WMO correctly notes, there is no rule that permits the Court to strike a motion. Fed. R. Civ. P. 12(f) is limited to matters that may be stricken from a pleading. Accordingly, the Court OVERRULES Plaintiffs' Motion to Strike WMO's Motion to Dismiss, Doc. #1122, as procedurally improper.

Moreover, the Court may modify a scheduling order "for good cause" at any time. Fed. R. Civ. P. 16(b)(4). Here, WMO has established good cause for extending the deadlines. If, as WMO argues, the Court's recent ruling concerning the non-hazardous nature of raw wood and wood ash disposes of all claims against

2

against WMO as the successor-in-interest to Container Services, it would be a waste of time and resources to make WMO defend against these claims at trial.

The Court does agree with Plaintiffs, however, that, because WMO relies on matters outside the pleadings, the Court must convert the Motion to Dismiss into a motion for summary judgment and give the parties a reasonable opportunity to present all pertinent material. Fed. R. Civ. P. 12(d). Plaintiffs shall file their memorandum in opposition to the Motion to Dismiss no later than January 15, 2020. WMO's reply shall be due no later than January 29, 2020.

Date: January 2, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE