IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,

    Plaintiffs,

v.

THE DAYTON POWER AND
LIGHT COMPANY, et al.,

    Defendants.

Case No. 3:13-cv-115

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT VALLEY
ASPHALT CORPORATION'S RENEWED MOTION IN LIMINE TO
EXCLUDE TESTIMONY FROM RICHARD L. WHITE AND
CHRISTOPHER M. WITTENBRINK (DOC. #1082) AND DEFENDANT
THE SHERWIN-WILLIAMS COMPANY'S MOTION IN LIMINE TO
EXCLUDE CERTAIN EXPERT OPINIONS OF DR. JURGEN EXNER
AND MR. RICHARD WHITE (DOC. #1083)

---

This matter is currently before the Court on two pending motions in limine related to Plaintiffs' expert witnesses: (1) Defendant Valley Asphalt Corporation's Renewed Motion in Limine to Exclude Testimony from Richard L. White and Christopher M. Wittenbrink (Doc. #1082); and (2) Defendant The Sherwin-Williams Company's Motion in Limine to Exclude Certain Expert Opinions of Dr. Jurgen Exner and Mr. Richard White (Doc. #1083).

I.  **Background and Procedural History**

Plaintiffs, Hobart Corporation, Kelsey-Hayes Company and NCR Corporation, filed suit against numerous defendants under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9601, *et seq.*, seeking contribution for response costs incurred in connection with the South Dayton Dump and Landfill Site ("the Site").

Under 42 U.S.C. § 9613(f), the Court must equitably allocate liability for response costs among all responsible parties. This will take place following a bench trial. Plaintiffs rely on the expert witness testimony of their allocation expert, Richard White, and their waste stream expert, Dr. Jurgen Exner. Defendant Waste Management of Ohio, Inc., relies on the expert witness testimony of Christopher M. Wittenbrink to rebut Richard White's report.

Defendant Valley Asphalt Corporation asks the Court to bar Richard White and Christopher Wittenbrink from offering any documents, reports, and/or testimony as to Valley Asphalt's liability allocation. Doc. #1082. Valley Asphalt essentially argues that White's opinion—that Valley Asphalt should be allocated 10% of the response costs—is inadmissible because it is not based on scientific methodology. Valley Asphalt further argues that Wittenbrink's opinion, which adopts White's 10% figure, should likewise be excluded as unreliable.

Defendant The Sherwin-Williams Company asks the Court to bar trial testimony of Dr. Exner with respect to his opinion as to the waste stream produced by Sherwin-Williams' Dayton-area facilities, and to bar trial testimony of

2

Richard White concerning his opinion as to vapor intrusion response costs properly allocated to Sherwin-Williams. Doc. #1083.[1] Sherwin-Williams argues that Exner is not qualified to render an opinion on the waste stream from its facilities, and that his opinion is not based on any reliable methodology. It likewise argues that White's opinions as to vapor intrusion costs allocated to Sherwin-Williams are not based on any reliable methodology.

## II. Motions in Limine

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion in limine, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to both avoid delay and ensure an evenhanded and expeditious trial. *See Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Pretrial orders also often save the parties time and cost in preparing for trial and presenting their cases.

---

[1] Defendant Waste Management of Ohio, Inc., joins in a portion of Sherwin-Williams' Motion in Limine. *See* Doc. #1086.

Courts are generally reluctant to grant broad exclusions of evidence in limine, however, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). A court should not make a ruling in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Ins. Co.*, 326 F. Supp.2d at 846; *Koch*, 2 F. Supp.2d at 1388. If this high standard is not met, evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial. *Indiana Ins. Co.*, 326 F. Supp.2d at 846.

### III. Discussion

Fed. R. Evid. 702, governing expert witness testimony, provides as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that the trial judge must act as a gatekeeper to exclude expert witness testimony that is not both relevant and reliable. Nevertheless, the Sixth Circuit has noted that "[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004). *See also United States v. Demjanjuk*, 367 F.3d 623, 633–34 (6th Cir. 2004) (noting the court's broad discretion to admit expert witness testimony in a bench trial).

As one district court noted, a "trial judge sitting alone is presumed capable of weighing evidence to sift the important from the unimportant, and even the admissible from the inadmissible when those are intertwined in a way that might counsel excluding the same evidence from consideration by a lay jury." *UAW v. Gen. Motors Corp.*, 235 F.R.D. 383, 387 (E.D. Mich. 2006). Certainly, during a bench trial, the court can never rely on expert witness testimony that does not satisfy the requirements of Fed. R. Evid. 702. Nevertheless, rather than excluding challenged expert witness testimony altogether, it often makes sense for the court to hear all of the evidence, and then determine how much weight to give the expert witness opinions, if any.

In the Court's view, that is the best course to take in this case. Given the amount of time that has passed since the hazardous substances were disposed of at the South Dayton Dump, and the dearth of evidence concerning the toxicity and volume of waste contributed by each of the responsible parties, no one can

5

allocate these response costs with mathematical precision. The expert witnesses presumably do the best that they can with the information given to them. To the extent that their expert witness opinions are based on faulty assumptions, are not sufficiently supported by facts and data, or are not based on reliable scientific methodology, those deficiencies are best exposed on cross-examination.

Defendants' motions in limine are helpful to the Court in that they shed light some of the anticipated challenges to the expert witness testimony. This will assist the Court in making reliability determinations as the evidence is presented. Nevertheless, to the extent that Defendants ask the Court to exclude the expert witness testimony from trial, even in part, the Court rejects that request. The Court will be in a better position to evaluate the weight to be given to the expert witness testimony after the expert witnesses have testified and been cross-examined.

## IV. Conclusion

For the reasons set forth above, the Court OVERRULES Valley Asphalt Corporation's Renewed Motion in Limine to Exclude Testimony from Richard L. White and Christopher M. Wittenbrink (Doc. #1082), and The Sherwin-Williams Company's Motion in Limine to Exclude Certain Expert Opinions of Dr. Jurgen Exner and Mr. Richard White (Doc. #1083).

Date: February 10, 2020

/s/ Walter H. Rice
WALTER H. RICE
UNITED STATES DISTRICT JUDGE