# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| HOBART CORPORATION, *et al.*, | : | Case No. 3:13-cv-115 |
| Plaintiffs, | : | JUDGE WALTER H. RICE |
| v. | : | |
| THE DAYTON POWER AND LIGHT COMPANY, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This matter having come before the Court on the Joint Motion for Approval of Settlement Agreement between Plaintiffs and Franklin Iron & Metal Corporation ("Motion") Doc. #1135, and any response thereto, it is hereby

## ORDERED THAT:

1) The Motion is GRANTED.

2) The Settlement Agreement between Plaintiffs and Franklin Iron & Metal Corporation, attached to the Motion as Exhibit A, is APPROVED, and the terms and conditions of the Settlement Agreement are hereby incorporated by reference into this Order as if fully restated herein.

3) Subject to the Settlement Agreement, all claims asserted, to be asserted, or which could be asserted against Franklin Iron & Metal Corporation by the defendants in this case (whether by cross-claim or otherwise) or by any other person or entity (except the United States and the State of Ohio) for matters in connection with the South Dayton Dump and Landfill Site located at 1975 Dryden Road (also known as Springboro Pike) in Moraine, Ohio (the "Site") under Sections 106, 107 or 113 of CERCLA and/or any other federal, state or local statute,

regulation, rule, ordinance, law or common law, as the same may be amended or superseded, are hereby barred, permanently enjoined, dismissed with prejudice, satisfied and are otherwise unenforceable in this case or in any other proceeding.

4) The Settlement Agreement represents a fair and reasonable resolution of Franklin Iron & Metal Corporation's equitable share of CERCLA liability at the Site. The payment by Franklin Iron & Metal Corporation to Plaintiffs shall be credited *pro tanto*, and not *pro rata*, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1). The liability of the litigants shall be reduced by the dollar amount of Franklin Iron & Metal Corporation's settlement payment, and the Court need not determine Franklin Iron & Metal Corporation's proportionate share of liability.

5) Upon notice to the Court by Plaintiffs that Franklin Iron & Metal Corporation has paid the settlement amount under the Settlement Agreement, Franklin Iron & Metal Corporation shall be dismissed with prejudice and without court costs.

6) Pursuant to the authority contained in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), this Court hereby retains jurisdiction and shall retain jurisdiction after entry of final judgment in this case to enforce the terms and conditions of the settlement between Plaintiffs and Franklin Iron & Metal Corporation.

Dated: 3-24-20

JUDGE WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE