IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HOBART CORPORATION, *et al.*, | : | Case No. 3:13-cv-115 |
| | : | |
| Plaintiffs, | : | JUDGE WALTER H. RICE |
| | : | |
| v. | : | |
| | : | |
| THE DAYTON POWER AND LIGHT COMPANY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This matter having come before the Court on the Joint Motion for Approval of South Dayton Dump 2013 ASAOC Settlement Agreement between Plaintiffs[1] and remaining Defendants[2] (together the "Parties") ("Motion"), and any response thereto, it is hereby

**ORDERED THAT:**

1) The Motion is GRANTED.

2) The South Dayton Dump 2013 ASAOC Settlement Agreement ("Settlement Agreement"), attached to the Motion as Exhibit A, is APPROVED, and the terms and conditions of the Settlement Agreement are hereby incorporated by reference into this Order as if fully restated herein.

---

[1] Plaintiffs are Hobart Corporation, NCR Corporation and ZF Active Safety US Inc. (formerly known as Kelsey-Hayes Company).

[2] Remaining Defendants are The Dayton Power And Light Company, Bridgestone Americas Tire Operations, LLC (also erroneously named as Bridgestone/Firestone, Inc.), Valley Asphalt Corporation, ConAgra Grocery Products Company, LLC, Ohio Newspapers, Inc. (formerly known as Cox Media Group Ohio, Inc.), Pharmacia LLC, Waste Management of Ohio, Inc., and The Sherwin Williams Company.

3) Subject to the Settlement Agreement, all claims asserted, to be asserted, or which could be asserted among and between the Parties in this case (whether by cross-claim or otherwise) or by any other person or entity (except the United States and the State of Ohio) for Response Costs (as defined in the Settlement Agreement) arising under or issuing from the Administrative Settlement Agreement and Order on Consent on or about April 5, 2013 ("2013 ASAOC") for the South Dayton Dump and Landfill Site located at 1975 Dryden Road (also known as Springboro Pike) in Moraine, Ohio under Sections 106, 107 or 113 of CERCLA and/or any other federal, state or local statute, regulation, rule, ordinance, law or common law, as the same may be amended or superseded, are hereby barred, permanently enjoined, dismissed with prejudice, satisfied and are otherwise unenforceable in this case or in any other proceeding.

4) Pursuant to the authority contained in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), this Court hereby retains jurisdiction and shall retain jurisdiction after entry of final judgment in this case to enforce the terms and conditions of the Settlement Agreement.

Dated:   09-08-2020

*/s/ Walter H. Rice*   (tp - per Judge Rice authorization after his review)

**JUDGE WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**