IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HOBART CORPORATION, *et al.*, | : |
|     Plaintiffs, | |
|     v. | :   Case No. 3:13-cv-115 |
| THE DAYTON POWER & LIGHT COMPANY, *et al.*, | :   JUDGE WALTER H. RICE |
|     Defendants. | : |

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR
AN ORDER DIRECTING THE ENTRY OF FINAL JUDGMENT
PURSUANT TO RULE 54(b) OR, IN THE ALTERNATIVE, CERTIFYING
FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C.
§ 1292(b) (DOC. #1179)

Plaintiffs, Hobart Corporation, Kelsey-Hayes Company and NCR Corporation seek contribution from numerous defendants under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613(f), for response costs incurred at the South Dayton Dump and Landfill Site. Plaintiffs have settled their claims with many Defendants, and the Court has entered summary judgment in favor of several other Defendants.

On September 8, 2020, the Court approved a settlement agreement between Plaintiffs and the eight remaining Defendants with respect to response costs incurred in connection with the 2013 Administrative Settlement Agreement

and Order on Consent ("ASAOC"), which was limited to vapor intrusion risks at the Site. Doc. #1172.

A trial to equitably allocate response costs incurred by Plaintiffs in connection with the 2016 ASAOC, which encompasses *other* work at the Site, has been deferred until the United States Environmental Protection Agency ("EPA") issues its Feasibility Study. It is anticipated that trial will take place late in 2022 or early in 2023.

## I. Procedural History

On September 23, 2019, the Court sustained Defendant Waste Management of Ohio, Inc.'s ("WMO's") motions for summary judgment on Plaintiffs' claims that WMO was liable as a successor in interest to Blaylock Trucking Co., Inc., and Industrial Waste Disposal Co., Inc. ("IWD"). Doc. #1072. Therein, the Court held that neither the raw wooden pallets that Blaylock and IWD transported to the Site, nor the wood ash created when those wooden pallets were burned in the air curtain destructor ("ACD") located at the Site were hazardous substances. *Id.* at PageID##40712-25.

Given that over 99% of the waste burned in the ACD consisted of wooden pallets, this ruling prompted WMO to move for judgment on the pleadings on Plaintiffs' claim that WMO was also liable as a successor in interest to Container Services, Inc. ("Container Services") in its capacity as the owner/operator of the

ACD. Doc. #1118. The Court converted this into a motion for summary judgment. Doc. #1129.

When Plaintiffs filed their response brief, Doc. #1133, they submitted new lay witness testimony indicating that some of the pallets burned in the ACD were partially stained with ink, oil or paint. Plaintiffs also submitted two new expert witness opinions of Dr. Marshall White and Dr. Jurgen Exner. These expert witnesses opined, *for the first time*, that the wooden pallets burned in the ACD may have been treated with pesticides containing hazardous substances, that the nails and staples used to hold the wooden pallets together would have contained hazardous substances, that any plywood pallets would have been manufactured with adhesives containing hazardous substances, and that the incomplete combustion of that plywood would have created additional hazardous substances.

The Court sustained WMO's motion to exclude these new expert witness opinions as untimely. Doc. #1169. On September 30, 2020, the Court sustained WMO's motion for judgment on the pleadings, which the Court had converted into a motion for summary judgment. Doc. #1177. It noted that, even if it considered Plaintiffs' new lay witness declarations indicating that some of the wooden pallets burned in the ACD had ink, oil or paint stains, Plaintiffs had no *admissible* expert witness testimony to prove that, when these pallets were burned in the ACD, hazardous substances were emitted into the air, deposited on the ground surface or otherwise "disposed of" as defined by CERCLA. The Court found that, absent such expert witness testimony, there was no genuine issue of material fact as to

3

WMO's liability on this claim. Doc. #1177, PageID#45096-98. It therefore granted summary judgment in favor of WMO as successor in interest to Container Services in its capacity as owner/operator of the ACD.

Plaintiffs now seek to appeal this ruling. This matter is currently before the Court on Plaintiffs' Motion for an Order Directing Entry of Final Judgment Pursuant to Rule 54(b) or, in the Alternative, Certifying for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). Doc. #1179. That motion is fully briefed. *See* Docs. ##1180, 1181. For the reasons set forth below, the Court overrules Plaintiffs' motion in its entirety.

## II.    Motion for Entry of Final Judgment Under Fed. R. Civ. P. 54(b)

Plaintiffs first ask the Court to enter final judgment, under Federal Rule of Civil Procedure 54(b), on their contribution claim against WMO as successor in interest to Container Services in its capacity as the owner/operator of the ACD. Rule 54(b) provides an exception to the general federal policy against piecemeal appeals. *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019). It provides, in relevant part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

4

Certainly, this action encompasses claims against multiple parties, and this Court's September 30, 2020, Decision and Entry, Doc. #1177, fully disposed of Plaintiffs' claim against WMO as successor in interest to Container Services in its capacity as owner/operator of the ACD. The relevant question is whether there is just reason to delay the entry of final judgment against WMO on this claim. Factors that may be relevant to such a determination include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986).

Plaintiffs note that, when the Court stayed adjudication of equitable allocation of response costs on the claims associated with the 2016 ASAOC, it specifically contemplated the possibility of the entry of a final judgment under Rule 54(d). *See* Doc. #816, PageID#22121 (holding that such an entry of final judgment "would allow an immediate appeal of not only the adjudication of all claims stemming from the 2013 ASAOC, but also the declaratory judgment concerning Defendants' *liability* for response costs incurred in connection with the 2016 ASAOC.").

5

Given that trial on the equitable allocation of response costs related to the 2016 ASAOC cannot be held until the EPA issues its Feasibility Study, Plaintiffs point out that an appeal would not result in a delay of trial.  Plaintiffs maintain that, in the meantime, the Sixth Circuit could "clarify what the law is in this Circuit."  Doc. #1179, PageID#45110.  Plaintiffs later explain that the "controlling law" at issue is "whether the burning of materials [not themselves hazardous substances,] containing paint, ink and other materials including volatile organic chemicals constitutes the 'disposal' of 'hazardous substances' under 42 U.S.C. § 6903(3) and 42 U.S.C. § 9601(14)."  *Id.* at PageID#45111.

Plaintiffs note that, should the Sixth Circuit rule in their favor and reinstate this particular claim against WMO prior to trial, it would avert the need for a second trial on the question of equitable allocation of response costs.  Plaintiffs also argue that final judgment is warranted because: (1) the owner/operator claim against WMO is distinct from Plaintiffs' other remaining claims; (2) there is no possibility that the need for review will be mooted by future developments; (3) there is no possibility that the appellate court would need to consider the same issue a second time; and (4) there are no counterclaims that could result in a setoff.

WMO objects to the entry of final judgment under Rule 54(d).  Doc. #1180.  It correctly points out that the Court granted summary judgment in WMO's favor because Plaintiffs had no admissible expert witness testimony to prove that the burning of wooden pallets, not themselves hazardous substances, partially stained

6

with ink, oil or paint, constituted a "disposal" of hazardous substances as defined by CERCLA. As such, the Court did not reach the question of whether such burning constitutes a "disposal," thereby triggering owner/operator liability. WMO maintains that because the "legal question" that Plaintiffs seek to appeal was never decided by this Court, it is not subject to appeal.

WMO maintains that, under these circumstances, it is irrelevant that an immediate appeal would not delay the trial. Judicial economy is best served by presenting all relevant issues in one unified package following an equitable allocation of response costs. WMO further argues that, even if this Court's decision were reversed on appeal following trial, the viability of this particular claim will not significantly impact the allocation of response costs. According to Dr. Walter Shields, the total ash from all of the wooden pallets burned in the ACD constitutes less than 1.5% of all ash buried at the Site.[1] Doc. #935-2, PageID#34533.

In their Reply brief, Plaintiffs explain that they want to appeal not only the Court's summary judgment decision on the "disposal" issue, Doc. #1177, but also the Court's subsidiary order excluding Plaintiffs' new expert witness opinions as untimely, Doc. #1169, and the Court's previous holding that neither raw wooden pallets nor the ash created when they are burned constitutes a hazardous substance, Doc. #1072. *See* Doc. #1181, PageID#45128. *See Tetro v. Elliott*

---

[1] Plaintiffs disagree with this figure, but assume it to be true for purposes of argument.

*Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 993 (6th Cir. 1999) ("an appeal from a final judgment generally brings up all prior interlocutory orders and rulings that were not reviewable until the entry of a final judgment."). Plaintiffs further argue that "delay," or lack thereof, is expressly included as a factor to be considered in entering final judgment under Rule 54(b). They also note that, even assuming that the waste volume of the ash from burning the pallets is negligible in comparison to the overall waste at issue, volume is not the only factor to be considered in equitably allocating response costs.

Having reviewed the relevant factors, the Court finds that, although some factors might weigh in favor of the entry of a Rule 54(b) final judgment on Plaintiffs' claims against WMO as successor in interest to Container Services in its capacity as owner/operator of the ACD, this case is not suitable for immediate appeal.

To Plaintiffs' credit, it is unlikely that the need for review will be mooted by future developments in the district court, there are no claims or counterclaims that could result in a set-off, and an immediate appeal is unlikely to result in a delay of trial. In addition, an immediate appeal may avert the need for a second trial on the question of equitable allocation of response costs.

Nevertheless, given the stated scope of the proposed appeal and the nature of the remaining claims, the Court finds that it is prudent to delay the appeal of final judgment until all remaining claims have been fully adjudicated. As previously noted, Plaintiffs have indicated that they seek to appeal both the Court's decision

8

granting summary judgment in favor of WMO on Plaintiffs' claims related to Container Services' liability as owner/operator of the ACD, and the adverse evidentiary ruling excluding Plaintiffs' new expert witness testimony as untimely. However, Plaintiffs *also* want to appeal the Court's previous holding that neither raw wood pallets nor the ash created when those pallets are burned constitute hazardous substances.

This significantly complicates the question of whether final judgment under Rule 54(b) is warranted on the claims of owner/operator liability. The previous holding concerning the non-hazardous nature of the wooden pallets and wood ash was the basis for granting summary judgment in favor of WMO as successor in interest to *Blaylock Trucking and IWD*, who were allegedly liable as transporters of hazardous substances to the Site. Any immediate appeal would clearly call the Court's dismissal of those claims into question. Yet Plaintiffs have not sought final judgment on those particular claims. They seek final judgment only on the owner/operator claims involving Container Services.

Accordingly, if the appellate court were to find that the district court erred in holding that wooden pallets and wood ash are not hazardous substances and reinstated the claims against WMO as successor in interest to Container Services in its capacity as owner/operator of the ACD, there is a strong likelihood that a *different* panel of the Sixth Circuit would have to revisit this issue in a post-trial appeal challenging the dismissal of the claims against WMO as the successor in

interest to Blaylock Trucking and IWD. This eviscerates any claim of judicial economy.

Moreover, to the extent that some of the other remaining Defendants also transported wooden pallets to the Site to be burned in the ACD, or arranged for such transport, it cannot be said that the adjudicated claims involving Container Services' potential liability as the owner/operator of the ACD are distinct from these other unadjudicated claims.[2] The question of whether wooden pallets, and the wood ash generated when those pallets are burned, constitute hazardous substances potentially affects the viability of Plaintiffs' claims against several other Defendants.

Given that the adjudicated claims at issue are so intertwined not only with the adjudicated claims involving Blaylock Trucking and IWD, but also with the unadjudicated claims of several other Defendants, the Court finds that Rule 54(b) certification is not warranted. Because the legal and factual questions at issue significantly overlap with those that would be raised in a post-trial appeal, a piecemeal appeal would result in a waste of judicial resources. Moreover, a single appeal after final judgment is entered as to all claims against all Defendants presents no danger of prejudice, hardship or injustice to any of the parties.

---

[2] The Court notes that, in addition to alleging that WMO is liable as a successor in interest to Container Services in its capacity as an owner/operator of the ACD, Plaintiffs also allege that WMO is liable as a successor in interest to Container Services in its capacity as a *transporter*. The "transporter" portion of the claim remains pending.

10

The Court therefore OVERRULES Plaintiffs' Motion for an Order Directing the Entry of Final Judgment Pursuant to Rule 54(b).[3]

### III.     Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

In the alternative, Plaintiffs move for certification for interlocutory appeal under 28 U.S.C. § 1292(b).

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction

---

[3]   In its motions for summary judgment on Plaintiffs' claims against Blaylock and IWD, WMO clearly argued that wooden pallets and wood ash did not constitute hazardous substances. These arguments were supported by expert witness testimony. Docs. ##865, 868. If Plaintiffs wanted to present new expert witness testimony showing that wooden pallets were often treated with pesticides containing hazardous substances, were held together with nails and metal fasteners containing hazardous substances, and were sometimes constructed with plywood held together with adhesives containing hazardous substances, they could have sought leave to do so prior to responding to WMO's motions.

Instead, Plaintiffs waited until after the Court had ruled on those motions for summary judgment, and WMO had filed its Motion for Judgment on the Pleadings with respect to the claims against Container Services in its capacity as an owner/operator of the ACD. Plaintiffs then filed new expert witness opinions without seeking leave of Court. At WMO's request, the Court excluded those opinions as untimely.

The Court notes that, if Plaintiffs had sought leave to file these new expert witness opinions when WMO first raised these arguments in connection with the claims against Blaylock and IWD, the Court could have given all similarly-situated Defendants the opportunity to weigh in on these issues, and the result reached herein may have been different. However, allowing an immediate appeal of issues which have the potential to unravel not only the Court's decision on the claims against WMO as successor-in-interest to Container Services in its capacity as owner/operator of the ACD, but also summary judgment decisions affecting other Defendants, would do nothing but create chaos at this stage of the litigation.

11

of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

"Certification for appellate review prior to the ultimate disposition of the case is only justified in extraordinary cases." *Baden-Winterwood v. Life Time Fitness*, No. 2:06CV99, 2007 WL 2326877, at *4 (S.D. Ohio Aug. 10, 2007) (Frost, J.) (citing *Rudd Const. Equipment Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983)). Moreover, if final judgment is not warranted under Rule 54(b), certification under § 1292(b) is rarely justified. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1032 (6th Cir. 1994).

Plaintiffs maintain that certification for interlocutory appeal is warranted because there is a novel, open legal issue as to whether the burning of wooden pallets, partially stained with oil, ink or paint, constitutes a "disposal" of hazardous substances within the meaning of 42 U.S.C. § 6903, and that resolution of this "controlling question of law" would materially advance the ultimate termination of the litigation, and encourage settlement. They further argue that, because trial will not take place for quite some time, this qualifies as an "extraordinary" case.

The Court rejects these arguments because, as WMO correctly notes, there is no "controlling question of law" currently at issue. The Court did not hold that the burning of wooden pallets partially stained with ink, paint or oil can *never* constitute a "disposal" under CERCLA. Rather, the Court granted summary

12

judgment in favor of WMO because Plaintiffs had no admissible expert witness testimony to prove this essential element of their claim.

Moreover, resolution of this alleged legal issue will not materially advance the ultimate termination of the litigation or encourage settlement. Plaintiffs still have contribution claims pending against many other Defendants. They also have contribution claims pending against WMO as the successor in interest to Container Services in its capacity as a *transporter*, and as the successor in interest to several other entities. These claims are not likely to be resolved, by trial or by settlement, until the EPA issues its Feasibility Study in 2022 or 2023.

The mere fact that trial will not take place until the Feasibility Study is complete does not justify an interlocutory appeal. Given that this is not an "extraordinary case," the Court OVERRULES Plaintiffs' alternative motion for certification for an interlocutory appeal under § 1292(b).

IV. Conclusion

For the reasons set forth above, the Court OVERRULES Plaintiffs' Motion for an Order Directing the Entry of Final Judgment Pursuant to Rule 54(b) or, in the Alternative, Certifying for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), Doc. #1179.

13

Date: March 30, 2021

*Walter H. Rice* (tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

14