IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al., :

    Plaintiffs, :

v. : Case No. 3:13-cv-115

DAYTON POWER AND LIGHT : JUDGE WALTER H. RICE
COMPANY, et al.,

    Defendants. :

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS HOBART CORPORATION, ET AL.'S MOTION FOR TIME TO TAKE DISCOVERY FROM DEFENDANT CONAGRA GROCERY PRODUCTS (DOC. #1312); RESETTING BRIEFING DATES RELATING TO CONAGRA'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #1308)

---

During the status conference held January 28, 2025, this Court orally sustained the Motion for Time to Take Discovery from Defendant ConAgra Grocery Products ("ConAgra") filed by Plaintiffs Hobart Corporation, et al. ("Plaintiffs"). The Court writes now to memorialize this decision and provide the reasoning thereto.

On December 16, 2024, ConAgra filed a Motion for Partial Summary Judgment, disputing their liability for actions carried out after 1968. Doc. #1308.[1] Under ConAgra's theory, their predecessor in interest was the McCall Corporation

---

[1] Given that ConAgra's motion is not yet ripe for review, the Court takes no position on the merits of the motion and merely repeats the allegations here.

which had been founded in 1913 ("Old McCall"). Doc. #1308, PageID #48467. In 1968, a new McCall Corporation ("New McCall") was formed as a subsidiary of Old McCall and the assets were transferred from Old McCall to New McCall, including a printing facility in Dayton, Ohio, which is involved in this case. *Id.* at PageID #48467-68. Old McCall then went through a series of mergers and acquisitions and eventually became ConAgra. *Id.* Meanwhile, New McCall eventually sold off the Dayton printing facility it operated and dissolved in 1988. *Id.* at PageID #48468.

On December 24, 2024, Plaintiffs filed a Motion for Time to Take Discovery from ConAgra. Doc. #1312. Although the discovery period has long since passed, this motion sought ninety days to conduct discovery under Fed. R. Civ. P. 56(d). One key basis for this request was Plaintiffs' concern that ConAgra's Motion for Partial Summary Judgment was based on a new and surprising argument of faulty successorship. Doc. #1312, PageID #49282-83.

A party may seek additional time to take discovery under Rule 56(d) under certain circumstances. Fed. R. Civ. P. 56(d). In determining whether to permit this additional time for discovery, courts analyze five factors: (1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery is material; (3) how long the discovery period had lasted; (4) whether the movant was dilatory in its discovery efforts; and (5) whether the non-

2

movant was responsive to discovery requests. *Doe. v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019).

The first and the fourth *Doe* factors support granting Plaintiffs additional time to conduct limited discovery. Plaintiffs' surprise at ConAgra's successorship argument is understandable in light of both ConAgra's previous stance and this Court's earlier findings. The Court notes ConAgra's arguments that Plaintiffs should not have been surprised by this issue, given ConAgra's warnings in October 2024 that it would move for summary judgment on the successorship issue. Doc. #1319, PageID #49981–82. This warning, however, was well past the close of discovery and Plaintiffs would not have been able to conduct discovery, even if they began working diligently the very moment they learned of that issue.

Moreover, this Court previously recognized in a September 23, 2019, decision denying summary judgment that "ConAgra admits that it is the successor in interest to McCall Corporation, a large commercial printing company." Doc. #1072, PageID #40734. This statement went unchallenged for several years until ConAgra's Motion for Partial Summary Judgment disputed that claim. Plaintiffs could be forgiven, therefore, for understanding this fact to truly be undisputed.

Given that the requested materials pertain directly to the grounds of ConAgra's summary judgment motion, the discovery is material. Thus, the second *Doe* factor also favors granting Plaintiffs' request to conduct discovery.

3

The third *Doe* factor concerns the length of the original discovery period, and the fifth factor relates to the non-movant's responsiveness to discovery requests. Here, the original discovery period lasted more than three years, from March 2014 to May 2017. ConAgra participated in discovery during this period, serving answers to interrogatories and certifying that their answers were complete both in October 2014 and in April 2015. Doc. #1312, PageID #49289. During this period, ConAgra stated that it had no information concerning the relationship between the McCall Corporation and later entities that formed ConAgra. *Id.* ConAgra did not correct those responses until just before the filing of their motion for summary judgment predicated on disputing that very issue. The initial discovery period was long, but ConAgra's delay in updating their responses when they discovered new responsive information favors permitting additional time for discovery.

This case has been ongoing for more than a decade. While this Court is hesitant to reopen discovery that has long since been concluded, a careful analysis of the present situation under Rule 56(d) calls for such a finding in the interest of justice. Therefore, Plaintiffs' Motion for Time to Take Discovery from Defendant ConAgra Grocery Products LLC is SUSTAINED. Additionally, Plaintiffs' responsive briefing to ConAgra's Motion for Partial Summary Judgment, Doc. #1308, is due May 27, 2025. Any reply brief ConAgra deems necessary will be due 14 days thereafter.

Date: January 31, 2025

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE