IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,

    Plaintiffs,

v.

DAYTON POWER AND LIGHT
COMPANY, et al.,

    Defendants.

Case No. 3:13-cv-115

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PHARMACIA LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DISMISS PHARMACIA LLC (DOC. #1482); SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND PHARMACIA LLC (DOC. #1487)

---

This case is before the Court on two motions related to a purported settlement between Plaintiffs Hobart Corporation, et al. ("Plaintiffs") and Defendant Pharmacia LLC ("Pharmacia"). First is a Motion to Enforce Settlement and Dismiss Pharmacia LLC filed by Pharmacia. Doc. #1482. With leave of Court, Pharmacia filed its supporting documents under seal. Doc. #1484. Plaintiffs filed a response in opposition, Doc. #1490, and Pharmacia filed a reply in support of its motion. Doc. #1501.

Prior to responding to Pharmacia's motion, Plaintiffs filed a Motion for Approval of Settlement Agreement Between Plaintiffs and Pharmacia. Doc. #1487.

Pharmacia's reply to their own motion doubled as their response in opposition to Plaintiffs' motion. Doc. #1501. Plaintiffs filed a reply in support of their motion. Doc. #1504.

For the reasons contained herein, Pharmacia's Motion to Enforce Settlement and Dismiss Pharmacia, Doc. #1482, is SUSTAINED and Plaintiffs' Motion for Approval of Settlement Agreement Between Plaintiffs and Pharmacia, Doc. #1487, is SUSTAINED IN PART and OVERRULED IN PART.

I. **Procedural and Factual Background**

Plaintiffs seek contribution from numerous defendants under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613(f), for response costs incurred at the South Dayton Dump and Landfill Site ("SDD" or "site").

Plaintiffs' claims stem from two settlement agreements they entered into with the United States Environmental Protection Agency ("EPA"): (1) Administrative Settlement Agreement and Order on Consent for Removal Action ("2013 ASAOC"); and (2) Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study ("RI/FS") for Operable Unit 1 and Operable Unit 2 ("2016 ASAOC"). These ASAOCs required Plaintiffs to perform certain work at the site, including investigation and testing of the contamination.

2

On September 8, 2020, the Court approved a settlement agreement between Plaintiffs and the eight remaining Defendants with respect to response costs incurred in connection with the 2013 ASAOC, which was limited to vapor intrusion risks at the Site. Doc. #1172. With that agreement completed, the 2013 ASAOC was resolved, leaving only the 2016 ASAOC for adjudication. The Court administratively processed the case until the completion of a feasibility study. Doc. #1188.

In mid-2023, now knowing that the feasibility study would take significantly longer than originally anticipated, Plaintiffs moved for a pretrial conference and a trial setting. Docs. #1194 & 1205. The Court, construing Plaintiffs' requests as a motion to bifurcate the trial on liability, sustained the motion. Doc. #1206. In June 2025, Plaintiffs and Pharmacia reported to the Court that they had reached a settlement.

## II. Analysis

This dispute boils down to a single word. In briefing the pending motions, both Plaintiffs and Pharmacia filed various copies of the same signed settlement agreement and urge the Court to approve the settlement which was reached. Where the parties disagree is in the precise wording of the proposed Court Order which will approve the settlement. The language submitted by Plaintiffs is as follows:

> Subject to the Settlement Agreement, all claims asserted, to be asserted, or which could be asserted against Pharmacia LLC by the <u>defendants</u> in this case (whether by cross-claim or otherwise) or by any other person or entity (except the United States and the State of

3

> Ohio) for matters in connection with the South Dayton Dump and Landfill Site located at 1975 Dryden Road (also known as Springboro Pike) in Moraine, Ohio (the "Site") under Sections 106, 107 or 113 of CERCLA and/or any other federal, state or local statute, regulation, rule, ordinance, law or common law, as the same may be amended or superseded, are hereby barred, permanently enjoined, dismissed with prejudice, satisfied and are otherwise unenforceable in this case or in any other proceeding.

Doc. #1487, PageID #61122–23 (emphasis added). This language, and specifically the use of the term "defendants" at the beginning of the third line, aligns with orders issued approving previous settlement agreements between Plaintiffs and other defendants.

Conversely, Pharmacia seeks to employ similar language but substitutes the term "Parties" rather than use Plaintiffs' choice of "defendants." Doc #1501, PageID #62996. This slight change allows the language to track that which was included in the Order approving the global settlement agreement which finally ended the 2013 ASAOC claims. Doc. #1172, PageID# 45047.

The Court has reviewed the arguments submitted by both sides but has not been able to discern a practical difference between the two options. Plaintiffs' proposal would limit the ability of any co-defendants to bring claims, whereby Pharmacia's preference would extend that limit to apply to Plaintiffs as well. Yet, the settlement itself relinquishes Plaintiffs' ability to bring claims. Therefore, neither party has shown to the Court's satisfaction how a difference in language alters the potential meaning or effect of the settlement or the Order recognizing the

4

settlement. As a result, the Court will simply recognize the settlement agreement in an Order which this Court believes is sufficient.

To the extent that Pharmacia's motion seeks an order to enforce the settlement agreement, that motion is SUSTAINED. To the extent that Plaintiffs' motion seeks approval of the settlement agreement, that motion is SUSTAINED IN PART, in that the Court will approve the settlement as offered. However, the Court OVERRULES IN PART the portion of the motion that sought the issuance of the proposed order. Instead, the Court will exercise its inherent authority to draft its own orders and will make a slight alteration to the proposed Order submitted by Plaintiffs. The Court will issue the Order Approving the Settlement Agreement concurrently with this Entry.

### III. Conclusion

For the reasons contained herein, Pharmacia's Motion to Enforce Settlement and Dismiss Pharmacia, Doc. #1482, is SUSTAINED, and Plaintiffs' Motion for Approval of Settlement Between Plaintiffs and Pharmacia, Doc. #1487, is SUSTAINED IN PART and OVERRULED IN PART.

Date: December 30, 2025

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE