IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,     :

      Plaintiffs,

    v.              :       Case No. 3:13-cv-115

DAYTON POWER AND LIGHT       JUDGE WALTER H. RICE
COMPANY, et al.,

      Defendants.    :

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFFS' LIABILITY UNDER
§ 107 OF CERCLA, (DOC. #1502); OVERRULING DEFENDANTS'
MOTION TO CLARIFY ISSUES FOR TRIAL (DOC. #1522)

---

This case is before the Court on two motions relating to Plaintiffs' liability.

First is a Motion in Limine to Exclude Evidence of Plaintiffs' Liability Under § 107 of

CERCLA filed by Plaintiffs. Doc. #1502. Defendants collectively filed a single

response in opposition to the motion that also contained a Motion to Clarify Issues

for Trial. Doc. #1522. Plaintiffs filed a combined reply to their own motion and

response in opposition to Defendants' motion, Doc. #1535, and Defendants filed a

reply in support of their motion. Doc. #1542.

These issues are now ripe for review and for the reasons stated below,

Plaintiffs' Motion in Limine to Exclude Evidence of Plaintiffs' Liability Under § 107

of CERCLA, Doc. #1502, is SUSTAINED and Defendants' Motion to Clarify Issues for Trial, Doc. #1522, is OVERRULED.

## I.    Background and Procedural History

Plaintiffs seek contribution from numerous defendants under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613(f), for response costs incurred at the South Dayton Dump and Landfill Site ("SDD" or "site"). Plaintiffs also seek, in the alternative, recovery under a theory of unjust enrichment. Many Defendants filed crossclaims and counterclaims for contribution. These claims have been presented to the Court across seven complaints, Docs. #1, 144, 236, 250, 276, 389, & 636, as well as a third-party complaint, Doc. # 493, and numerous responsive pleadings.

Plaintiffs' claims stem from two settlement agreements they entered into with the United States Environmental Protection Agency ("EPA"): (1) Administrative Settlement Agreement and Order on Consent for Removal Action ("2013 ASAOC"); and (2) Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study ("RI/FS") for Operable Unit 1 and Operable Unit 2 ("2016 ASAOC"). These ASAOCs required Plaintiffs to perform certain work at the site, including investigation, testing, and removal of the contamination.

Over the course of these proceedings, several Defendants have been dismissed either due to settlements or summary judgment. On September 8, 2020, the Court approved a settlement agreement between Plaintiffs and the eight remaining Defendants with respect to response costs incurred in connection with the 2013 ASAOC, which was limited to vapor intrusion risks at the Site.  Doc. #1172. With that agreement completed, the 2013 ASAOC was resolved, leaving only the 2016 ASAOC for adjudication.  The Court administratively processed the case until the completion of a feasibility study.  Doc. #1188.

In mid-2023, now knowing that the feasibility study would take significantly longer than originally anticipated, Plaintiffs moved for a pretrial conference and a trial setting.  Docs. #1194 & 1205.  The Court, construing Plaintiffs' requests as a motion to bifurcate the trial on liability, sustained the motion.  Doc. #1206.

## II.    Standard of Review

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorizes the Court to rule on an evidentiary motion in limine, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to both avoid delay and ensure an evenhanded and expeditious trial.

3

*See Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997)). Also, pretrial orders often save the parties time and costs in preparing for trial and presenting their cases.

Courts are generally reluctant to grant broad exclusions of evidence in limine, however, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus.,* Inc., 2 F. Supp.2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975). A court should not make a ruling in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Ins. Co.,* 326 F. Supp.2d at 846; *Koch,* 2 F. Supp.2d at 1388. If this high standard is not met, evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial. *Indiana Ins. Co.,* 326 F. Supp.2d at 846.

## III.    Analysis

Despite the difference in form between the two motions, both sides seek a ruling on the same issue: whether Plaintiffs' own liability is an issue that must or should be proven at the liability phase of this case. Given that overlap, these motions will be decided together.

4

Plaintiffs argue that any evidence of their liability should be excluded as irrelevant. In their view, by signing the ASAOCs, they have contractual liability to complete the RI/FS and, because Defendants' counterclaims have previously been dismissed, there is no live controversy regarding their own liability permitting the subject to be determined at trial. Plaintiffs further argue that establishing their liability will lengthen the trial significantly and that Defendants would not be prejudiced if the topic was taken off the table because the issue would still need to be determined during the allocation phase, assuming the case proceeds to that point.

Defendants argue that the very purpose of the liability phase is to determine which parties are potentially liable parties ("PRPs") and place them on equal footing. Importantly, they argue that the determinations that will occur regarding Defendants' liability will create a preclusive effect going forward while Plaintiffs will not be subject to the same result following the liability trial. Defendants also engage with Plaintiffs arguments, alleging that the effect of signing the ASAOCs is merely a trigger permitting them to file the present action, not a determination that they are liable under CERCLA.

The goal of the liability trial is to determine which Defendants, if any, would need to engage in the exercise of proportioning said liability. If it is determined that one or more of Defendants are not liable either because Plaintiffs have not met their burden of proof or because they have a meritorious defense, they would be permitted to exit this case and avoid the second phase. However, the same is not true for Plaintiffs. Plaintiffs have a contractual obligation to complete the RI/FS. If one or more of the Defendants are found liable, Plaintiffs will necessarily continue in this litigation as well.

All parties have seized upon a particular sentence in a prior Decision issued by this Court: "In this case, Plaintiffs and Defendants will vigorously litigate whether they are PRPs and, if so, to what extent they are liable for hazardous material at the SDD."[1] Doc. #1456, PageID #58581. This statement was written in the context of a discussion regarding whether Plaintiffs could pursue declaratory judgment claims regarding future remediation costs. In this quote, the Court was attempting to clarify that the proper scope of this case is limited to the issue of determining whether and to what extent the parties are liable for harms at the SDD. Perhaps, the Court should have clarified that Plaintiffs are already under contractual liability to complete the

---

[1] While this somewhat inartfully phrased sentence was the Court's petard, it does not intend to hoist itself upon it.

6

RI/FS, as outlined in the ASAOC. As a result, it remains to be determined which, if any, of the Defendants are PRPs, and assuming at least one is found liable at the first stage, to determine their relative proportional liability at the second stage.

Given Plaintiffs' already-present liability to complete the RI/FS, the Court believes that engaging in the exercise of presenting evidence of that liability at this point would be unproductive. *See Hobart Corp. v. Waste Management of Ohio,* 758. F.3d 757, 766 (6th Cir. 2014). The Court does not agree with Defendants' assertion that having to prove Plaintiffs' liability could unintentionally lead to trifurcation. Plaintiffs, by way of signing the ASAOC have liability for the RI/FS. Given that the upcoming stage of the trial is focused on simply answering that binary question of Defendants' liability, nothing more would have to be shown before proceeding to the allocation stage.

Defendants have argued that at the end of the first phase, they may be saddled with a preclusive finding against them; a finding to which Plaintiffs are not also encumbered. The Court disagrees. Plaintiffs' contractual liability will place them in the same position as liable, but unallocated, Defendants. Therefore, the Court declines to lengthen an already lengthy trial based on an erroneous premise or speculation.

Given this Court's Decisions in this case, it is sympathetic to Defendants' concerns regarding the preclusive effect of this case. If this case ends with a final

7

decision that Plaintiffs and certain Defendants are liable to complete the RI/FS, it would seem to be inequitable to hold that decision against Defendants in a future remediation case without also holding it against Plaintiffs. This would have the effect of potentially offering a "second bite at the apple," the very circumstance that issue and claim preclusion exist to prevent.

Yet, the Court believes these fears are unfounded. Assuming the second stage of this case occurs in the future, in which the liability will be allocated to the remaining parties, Defendants will likely attempt to show that Plaintiffs own the largest share of liability and, conversely, Plaintiffs will attempt to show that their own liability is relatively small. Regardless of what the evidence shows, there will ultimately be a determination that Plaintiffs are liable for some proportion of the common liability and that each Defendant is liable for some share. In other words, this case will likely end with a determination that Plaintiffs have some level of liability, simply by having undertaken the contractual liability to complete the RI/FS. This ultimate disposition will likely carry the same preclusive effect that the Court recognized when Count IV was dismissed. Doc. #1456, PageID #58581.

## IV.  Conclusion

For the reasons stated herein, the Court will preliminarily bar discussion relating to Plaintiffs' liability from the upcoming trial. This Decision may be revisited if Plaintiffs or a Defendant make a showing during trial that discussion of Plaintiffs'

8

liability is necessary to fully present their case or defense. Therefore, Plaintiffs

Motion in Limine to Exclude Evidence of Plaintiffs' Liability Under § 107 of CERCLA,

Doc. #1502, is SUSTAINED. Defendants' Motion to Clarify Issues for Trial, Doc.

#1522, is OVERRULED.

Date: February 24, 2026

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

9