IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,

      Plaintiffs,

    v.

DAYTON POWER AND LIGHT
COMPANY, et al.,

      Defendants.

Case No. 3:13-cv-115

JUDGE WALTER H. RICE

---

**ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND THE SHERWIN-WILLIAMS COMPANY**

---

This matter having come before the Court of Plaintiffs' Motion for Approval of Settlement Agreement between Plaintiffs and The Sherwin-Williams Company ("Motion"), it is hereby

**ORDERED THAT:**

1) The Motion is GRANTED.

2) The Settlement Agreement between Plaintiffs and The Sherwin-Williams Company, attached to the Motion as Exhibit A, is APPROVED, and the terms and conditions of the Settlement Agreement are hereby incorporated into this Order as if fully restated herein.

3) Subject to the Settlement Agreement, all claims asserted, to be asserted, or which could be asserted against The Sherwin-Williams Company by the defendants

or parties in this case (whether by cross-claim or otherwise) or by any other person or entity (except the United States and the State of Ohio) for matters in connection with the South Dayton Dump and Landfill Site located at 1975 Dryden Road (also known as Springboro Pike) in Moraine, Ohio (the "Site") under Section 106, 107, or 113 of CERCLA and/or any other federal, state, or local statute, regulation, rule, ordinance, law, or common law, as the same may be amended or superseded, are hereby barred, permanently enjoined, dismissed with prejudice, satisfied, and are otherwise unenforceable in this case or in any other proceeding.

4)  The Settlement Agreement represents a fair and reasonable resolution of The Sherwin-Williams Company's alleged equitable share of CERCLA liability at the Site. The payment by The Sherwin-Williams Company to Plaintiffs shall be credited *pro tanto*, and not *pro rata*, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1). The liability of the litigants shall be reduced by the dollar amount of The Sherwin-Williams Company's settlement payment, and the Court need not determine The Sherwin-Williams Company's alleged proportionate share of liability.

5)  Upon notice to the Court by Plaintiffs that The Sherwin-Williams Company has paid the settlement amount under the Settlement Agreement, The Sherwin-Williams Company shall be dismissed with prejudice and without court costs.

2

6) Pursuant to the authority contained in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), this Court hereby retains jurisdiction and shall retain jurisdiction after entry of final judgment in this case to enforce the terms and conditions of the settlement between Plaintiffs and The Sherwin-Williams Company.

Date: March 27, 2026

**WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**
(Reviewed by Judge Rice prior to his signature being affixed)