IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al., :

    Plaintiffs,

    v.                      :     Case No. 3:13-cv-115

DAYTON POWER AND LIGHT        JUDGE WALTER H. RICE
COMPANY, et al.,

                       :

    Defendants.

---

DECISION AND ENTRY OVERRULING THE JOINT MOTION IN LIMINE TO ADMIT MR. RICHARD WHITE'S OPINIONS THAT PLAINTIFFS ARE LIABLE PARTIES AS [PER] PLAINTIFFS' ADOPTIVE ADMISSION AND JUDICIAL ADMISSION, FILED BY DEFENDANTS CONAGRA GROCERY PRODUCTS COMPANY, LLC AND WASTE MANAGEMENT OF OHIO (DOC. #1560); OVERRULING PLAINTIFFS' CROSS-MOTION TO STRIKE (DOC. #1573)

---

This case is before the Court on two pending motions. First is a Motion in Limine to Admit Mr. Richard White's Opinions that Plaintiffs are Liable Parties as [per] Plaintiffs' Adoptive Admission and Judicial Admission, filed by Defendants ConAgra Grocery Products, LLC and Waste Management of Ohio, Inc. ("Defendants").[1] Doc. #1560. Plaintiffs filed a response in opposition to the motion,

---

[1] Defendant Sherwin-Williams Company also joined this motion. It subsequently settled with Plaintiffs. Doc. #1618.

which included a Cross-Motion to Strike the motion in limine, Doc. #1573, and Defendants filed a reply to their motion. Doc. #1574.

For the reasons contained herein, Defendants' Motion in Limine to Admit Mr. Richard White's Opinions that Plaintiffs are Liable Parties as [per] Plaintiffs' Adoptive Admission and Judicial Admission, Doc. #1560, is OVERRULED and Plaintiffs' Cross-Motion to Strike, Doc. #1573, is OVERRULED.

## I. Analysis

On May 19, 2025, this Court directed all parties to "file briefs on the docket explaining their theories on the proper method of RI/FS and future response costs and factors to be considered in these calculations" in advance of a June 10, 2025, settlement conference. Doc. #1357. Plaintiffs complied with that Order and submitted their Brief Regarding Allocation of RI/FS and Future Response Costs on June 6, 2025. Doc. #1369. Attached to their filing, Plaintiffs included two allocation tables produced by their expert, Mr. Richard White. Doc. #1369-4, PageID #51818; Doc. #1369-5, PageID #51819. Defendants now seek a finding that, by including these two tables, Plaintiffs adopted Mr. White's conclusion about Plaintiffs' own liability. Doc. #1560.

In response, Plaintiffs argue that the motion is (1) mooted by a then-recent Court decision, (2) that it should be struck as untimely, or, alternatively, (3) that it should be denied. In making this last point, Plaintiffs argue that the allocation tables

were submitted at the Court's direction in anticipation of mediation and is protected under Fed. R. Evid. 408.Doc. #1573, PageID #66974.

Under the Federal Rules of Evidence, "conduct or a statement made during compromise negotiations" are generally inadmissible in a civil case. Fed. R. Evid. 408(a)(2). For a settlement conference to be successful, "parties must feel uninhibited in their communications." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). "They must be free to make candid assessments, admit their strengths and weaknesses, offer concessions, and put on hold the performative aspects of trial." *In re University of Michigan*, 936 F. 3d 460, 465 (6th Cir. 2019).

In this case, the Court opted to conduct a mediation session with all parties on June 10, 2026, believing that such an exercise had the potential to facilitate settlement between Plaintiffs and one or more Defendants. Were the Court to permit Defendants to use Plaintiffs' submission against them, Plaintiffs would likely be unwilling to present open and candid opinions in any future settlement discussions. This would run contrary to the very reason Rule 408 was enacted. The settlement process should not only <u>permit</u> a party to identify weak points in their own case, it should <u>encourage</u> it. The policy of Rule 408, not to mention good public policy, counsel for exclusion of evidence presented in the course of settlement discussions. The Court finds no legal distinction in the fact that the brief was filed

3

on the public docket rather than private submission, it was created and filed in pursuit of settlement. Therefore, the parties' briefing, submitted at the Court's direction and in pursuit of settlement, is protected by Rule 408 and is inadmissible. Defendants' motion, Doc. #1560, is OVERRULED. Despite the wisdom of the Court's allowing all parties to file any mediation statements publicly, no mediation statements filed publicly constitute an adoptive admission and judicial admission. Mention of same is not to be mentioned at trial or in follow-up memoranda. Docs. #1367–69, Doc. #1371–72.

Given this Court's decision to overrule Defendants' motion, the Court need not go further and determine whether the motion should be stricken from the record. As such, the Court OVERRULES Plaintiffs Cross-Motion to Strike. Doc. #1573.

## II.   Conclusion

For the reasons contained herein, Defendants' Motion in Limine to Admit Mr. Richard White's Opinions that Plaintiffs are Liable Parties as [per] Plaintiffs' Adoptive Admission and Judicial Admission, Doc. #1560, is OVERRULED and Plaintiffs' Cross-Motion to Strike, Doc. #1573, is OVERRULED.

4

Date: April 6, 2026

WALTER H. RICE
UNITED STATES DISTRICT JUDGE