IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,    :

      Plaintiffs,

    v.    :

DAYTON POWER AND LIGHT
COMPANY, et al.,

      Defendants.    :

Case No. 3:13-cv-115

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT WASTE MANAGEMENT OF OHIO'S MOTION IN LIMINE TO EXCLUDE CERTAIN 2012 DEPOSITION TESTIMONY OF MICHAEL WENDLING (DOC. #1701)

---

Defendant Waste Management of Ohio ("WMO") has filed a Motion in Limine to Exclude Certain 2012 Deposition Testimony of Michael Wendling. Doc. #1701. Plaintiffs filed a response in opposition to the motion, Doc. #1707, and WMO filed a reply in support of its motion. Doc. #1719.

The use of deposition testimony, taken before a party was involved in the case, has arisen multiple times during the pendency of this action. The Court now issues this written opinion not only deciding the merits of the present motion, but also setting forth its understanding of the relevant law and clarifying when deposition testimony will be permitted into evidence against particular parties.

## I.    Analysis

As stated by the Sixth Circuit:

Deposition testimony from an unavailable witness may be used against a party, provided that "the party was present or represented at the taking of the deposition" and "it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." Fed. R. Civ. P. 32(a)(1). . .

The question whether [] deposition testimony is admissible then turns on its admissibility under the Federal Rules of Evidence. Hearsay means a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Usually hearsay evidence is not admissible. Fed. R. Evid. 802. However, the rules of evidence provide several hearsay exceptions for unavailable witnesses. *See* Fed. R. Evid. 804. The exception at issue here is for "Former Testimony," which provides that hearsay testimony may be admitted if it "was given as a witness at a trial, hearing, or lawful deposition" and "is now offered against a party who had ... an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1).

*Peppers v. Washington County, Tennessee*, 686 F. App'x 328, 332 (6th Cir. 2017).

There is presently no dispute whether Mr. Wendling is an unavailable witness within the meaning of Rule 804 and, therefore, the only point of contention is the applicability of Rule 804(b)(1)'s requirement of "an opportunity and similar motive to develop" the testimony.

Mr. Wendling's first deposition occurred in 2012, before this case was filed. WMO attended the 2012 deposition as the successor in interest to Industrial Waste

2

Disposal Co. ("IWD"), a named Defendant in a prior case.[1] However, during the 2012 deposition, Container Services, Inc. ("Container Services") was not represented, nor was WMO representing their interests.

Mr. Wendling was deposed a second time in 2014, during which WMO was present representing the interests of several of its predecessor companies, including IWD and Container Services. Plaintiffs have not attempted to argue that WMO's presence at the 2012 deposition constituted sufficient opportunity and motive to develop testimony such that Rule 804(b)(1) is satisfied, nor would the Court view such an argument favorably. Instead, Plaintiffs attempt to argue that WMO's involvement in the 2014 deposition on behalf of Container Services gave them sufficient opportunity and motive to develop the 2012 deposition testimony on an after the fact basis or theory.

The Court has rejected this line of reasoning, or a similar line, elsewhere in this case. ConAgra moved for a similar finding that Mr. Wendling's 2012 deposition could not be considered against it or its predecessor McCall Corporation. The Court orally sustained that motion because ConAgra (and McCall Corporation) were not present during the 2012 deposition.

---

[1] This prior case was captioned as *Hobart Corp. v. Waste Management of Ohio, Inc.*, No. 3:10-cv-195, and was terminated on February 8, 2013.

In the Court's view, the language of Rule 804(b)(1)—requiring an opportunity and similar motive to develop testimony—inherently requires that said opportunity occur contemporaneously with the testimony.[2] This precise issue has relatively little caselaw to review, but this is unsurprising given that most cases do not last long enough to encounter multiple depositions of the same witness years apart. Moreover, it would seem likely that, when this issue does arise, it would do so at trial and involve an oral ruling, rather than a written decision.

However, the few cases which touch on the issue seem to support this Court's understanding. In *Affinity Labs of Texas, LLC v. Apple Inc.*, No. C 09-04436, 2011 WL 232521 (N.D. Cal. Jan. 24, 2011) the plaintiff attempted to use deposition testimony taken in a prior case, reasoning that the defendant was free to question the witnesses in the present case. The Northern District of California rejected that argument, holding that the later opportunity to develop testimony did not fit Rule 804(b)(1)'s opportunity requirement. *See Antero Resources Corp. v. C & R Downhole Drilling, Inc.*, No. 4:16-cv-668, 2022 WL 18588071 (N.D. Tex. Mar. 24, 2022).

---

[2] If the deposition in question was a multi-day deposition, the Court does not read Rule 804(b)(1) to require an opportunity to cross examine each and every day. Instead, the opportunity to cross examine must only take place during the same deposition period. So, theoretically, a party's opportunity to cross examine a deponent on day three of a deposition is suitable to qualify under Rule 804(b)(1) and will permit the deposition testimony from day one to be used against it.

4

Likewise, in a prior, unrelated case, this Court recognized that depositions taken before a party was involved in a case could be used for the purpose of a summary judgment motion under Fed. R. Civ. P. 56, despite the fact that the same depositions would not be admissible at trial. *United States v. Atlas Lederer Co.*, 282 F. Supp. 2d 687, 695 (S.D. Ohio 2001) (Rice, C.J.).

Moreover, the Court believes this reading aligns with longstanding practices. When convening a subsequent deposition after new parties are added to a case, parties will often reiterate prior testimony to ensure that the subject matter is covered under 804(b)(1). The same was true for Mr. Wendling. When he was called for his 2014 deposition, Plaintiffs explained to him why he was being deposed again: "I mean, in the prior deposition, I asked you about a number of companies and the relationship to the South Dayton Dump & Landfill. And many of those companies were not present at that deposition. So the purpose of this deposition is to give those parties an opportunity to hear what you have to say and give them a chance to ask questions." Doc. #676-2, PageID #10540.

Ultimately, the Court's reading of Fed. R. Evid. 804(b)(1) does not permit absence and lack of opportunity to cross-examine a witness at a prior deposition to be immunized by presence at a later deposition. When the Because WMO was not present at Mr. Wendling's 2012 deposition as representative for Container Services, his deposition cannot be construed against it. WMO's Motion in Limine to Exclude

Certain 2012 Deposition Testimony of Michael Wendling, Doc. #1701, is SUSTAINED.

Date: May 6, 2026

WALTER H. RICE
UNITED STATES DISTRICT JUDGE