IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOBART CORPORATION, et al.,

      Plaintiffs,

    v.

DAYTON POWER AND LIGHT
COMPANY, et al.,

      Defendants.

:

:

:

:

Case No. 3:13-cv-115

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING AS MOOT PLAINTIFFS' MOTION IN LIMINE TO AUTHENTICATE DOCUMENTS FOR TRIAL (DOC. #1583); MEMORIALIZING THE ORAL DECISION SUSTAINING PLAINTIFFS' MOTION TO EXCLUDE VALLEY ASPHALT'S PETROLEUM EXCLUSION DEFENSE AS UNTIMELY (DOC. #1697); AND SUSTAINING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED TRIAL EXHIBIT LIST APPENDICES (DOC. #1709)

---

Trial in this case concluded on May 19, 2026, and the parties are currently in the process of drafting their final trial briefs for submission. The Court now enters this Opinion addressing all motions still pending on the docket.

I.    **Plaintiffs' Motion in Limine to Authenticate Documents for Trial (Doc. #1583)**

Prior to trial, Plaintiffs filed a motion seeking to pre-authenticate a list of roughly 85 exhibits. Defendant Waste Management of Ohio ("WMO") filed a response in opposition to the motion, Doc. #1589, and Plaintiffs filed a reply in support of its motion. Doc. #1631.  During the final pretrial hearing, held on April 8,

2026, WMO listed nine of the 85 exhibits that it specifically objected to, but disclaimed any objection to the others. Those nine exhibits to which WMO objected are as follows: PX-295, PX-302, PX-310, PX-312, PX-314, PX-315, PX-317, PX-318, and PX-319.[1]

At this stage, all parties have moved for admission of exhibits, and the Court has already ruled on admissibility of objected-to exhibits.[2] The Court does not believe there is any remaining controversy regarding authentication of documents. For that reason, Plaintiffs' Motion in Limine to Authenticate Documents for Trial, Doc. #1583, is OVERRULED AS MOOT.

## II. Plaintiffs' Motion to Exclude Valley Asphalt's Petroleum Exclusion Defense as Untimely (Doc. #1697)

On April 24, 2026, Plaintiffs filed a motion seeking to prevent Defendant Valley Asphalt ("Valley Asphalt") from arguing that the petroleum exclusion defense applied to it. Doc. #1697. Valley Asphalt filed a response in opposition to

---

[1] Both in briefing and during the final pretrial conference, all parties referred to the exhibits using the numbering system Plaintiffs employed in their motion in limine, rather than the PX- numbering system which was used at trial. The original motion exhibit numbers for those documents are: 57, 73, 78, 80, 81, 82, 83, 84, and 85. The Court has translated those "motion exhibit numbers" into the corresponding "trial exhibit numbers" which appear above.

[2] The Court notes that none of the nine objected-to documents were used during trial, nor did any party seek to enter them into evidence.

the motion, Doc. #1704, and Plaintiffs filed a reply in support of their motion. Doc. #1706.

By definition, "petroleum, including crude oil or any fraction thereof which is not otherwise specifically listed or designated" is excluded from the list of hazardous substances for purposes of CERCLA. 42 U.S.C. §9601(14). However, because the petroleum exclusion is an exception to the statutory prohibition, the burden is on the party seeking to invoke the exclusion. *Tosco Corp. v. Koch Industries, Inc.*, 216 F.3d 886, 894 n.5 (10th Cir. 2000); *Organic Chemical Site PRP Group v. Total Petroleum Inc.*, 58 F. Supp. 2d 755, 763 (W.D. Mich. 1999).

Valley Asphalt's initial Trial Brief, prepared in advance of the original February 23, 2026, trial date, did not argue or make clear that it intended to invoke the petroleum exclusion. Doc. #1462. It was not until its Amended Trial Brief, filed April 10, 2026, that the intention to argue for the petroleum exclusion became known. Doc. #1673. Valley Asphalt explained that it was not until it saw Plaintiffs Trial Brief, setting out the theories of liability they intended to pursue against Valley Asphalt, that the petroleum exclusion appeared relevant.

Ultimately, the Court orally sustained Plaintiffs' Motion to Exclude Valley Asphalt's Petroleum Exclusion Defense as Untimely during conference on May 8, 2026. This Decision was reached largely on timeliness grounds. The success or failure of a petroleum exclusion defense depends on the precise nature of

substances deposited on the ground. The exclusion applies to petroleum and substances which are wholly derived from petroleum, but does not apply when petroleum substances contain other waste or when the concentration of hazardous substances is increased as a result of refinement. *Total Petroleum*, 58 F. Supp. 2d at 763.

As a result, the factual questions regarding the precise composition of petroleum products deposited onto the ground are critical. Plaintiffs believed that this question would require testimony from experts and additional evidence for which they were unprepared. Despite Valley Asphalt's position that further evidence would not be required, the Court held that Plaintiffs could not be expected to determine what additional evidence or testimony they would need to respond to, or even whether they would need to respond at all. In any event, the Court believes this would have required Plaintiffs to expect considerable time and effort which was not appropriate to engage in while in the midst of trial. Therefore, the Court SUSTAINED Plaintiffs' Motion to Exclude Valley Asphalt's Petroleum Exclusion Defense as Untimely. Doc. #1697.

III. **Plaintiffs' Motion for Leave to File Amended Trial Exhibit List Appendices (Doc. #1709)**

On April 29, 2026, Plaintiffs filed a motion seeking to amend two of the appendices included in the Final Pre-trial Order. Doc. #1709. Specifically, the two

appendices Plaintiffs sought to amend contained their witness list (appendix A) and their exhibit list (appendix G). No Defendant voiced any opposition to permitting such an amendment to those appendices, nor did any Defendant file a memorandum in opposition. Therefore, Plaintiffs' Motion for Leave to File Amended Trial Exhibit List Appendices, Doc. #1709, is SUSTAINED.

Date: June 4, 2026

_Walter H. Rice_

WALTER H. RICE
UNITED STATES DISTRICT JUDGE